

**ANCHORAGE**

3330 Arctic Boulevard
Suite 103
Anchorage, AK 99503
(907) 565-1002
FAX (907) 565-1000
1-800-478-1234

July 14, 2005

Jerry Sjolander/Cindy Anderson
ASD Special Education Director/Secondary Sped Director
P.O. Box 196614
Anchorage, AK 99519

RE:     Christopher Kyle Wright
        ASD ID# 0206900

**Via Fax: 742-4289**

Dear Mr. Sjolander/Ms. Anderson:

This office represents Chris Wright. Enclosed please find an updated release of information so that you may communicate with us and share any additional records beyond those forwarded in response to our letter of May 4, 2004. **This is a request for a special education due process hearing.**

**COMPLIANCE WITH 34 CFR §300.507 AND AS Sec. 14.30.193
(Name and Information about the Child)**

Chris is a student at East High School with a specific learning disability. Chris is 18 years old (DOB 02/01/87). Chris is of native heritage. He was chronologically a 12th grader during the 2004-2005 school year. He will be attending at least a 13th year at ASD during 2005-2006 school year.

**Address of the Child:**

Chris resides with his adoptive father, Jeff Mayrand at 3111 East 17th, Anchorage, AK 99508. **Note: Please direct all inquiries about this hearing to the DLC. If school staff find it necessary to communicate with the parents, DLC expects to be copied simultaneously on any communications.**

**Background and Information:**

Chris previously attended Nenanna in middle school and part of tenth grade. Chris was first enrolled at East High School in October of 2002 and returned again with the start of the 2003-2004 school year. An active Individual Education Plan was in place at the time of his departure from his previous school and was still current when Chris was enrolled at East. Yet no services or accommodations were put in place for Chris from the beginning of the 2003-2004 school year until April of 2004.



MEMBER·OF·THE
N A T I O N A L
ASSOCIATION·OF
PROTECTION·&
A D V O C A C Y
S Y S T E M S

1

EXHIBIT $A$
Page $1$ of $5$

In addition, services that were to be provided to Chris during this past year, 2004-2005, have not been provided consistent with his IEP.

Chris has repeatedly failed all administrations of the HSGQE (all subparts) in the past. Chris failed the math and writing portions of the HSGQE in the fall of 2004. Chris has now failed the reading, writing and math portions of the HSGQE in the spring 2005 administration of the test.

In response to this situation, Mr. Mayrand, Chris's parent, wrote to the ASD (September 20) requesting assistance for him through Sylvan Learning and met with the IEP team (October 8). A copy of this September 20, 2004 letter is attached as **Ex. A.** Chris completed diagnostic assessments on October 30, 2004 and began instruction at Sylvan on November 18, 2004.

Meanwhile, on November 3, 2004, ASD acknowledged that Chris would not be able to graduate on time in June of 2005 due to being 8 credits from the required amount. **Ex. B.**
ASD took no steps to ameliorate this situation other than informing Mr. Mayrand that Chris would need to attend school another full year.

On December 10, Mr. Mayrand met with Ms. Anderson and Ms. Dolan. Both before and after the meeting, ASD refused to provide Chris with one-on-one instruction and refused to pay for Sylvan, instead offering a group tutorial after school and computer program training. **Ex. C.** It is clear that without the intensive assistance provided through one-on-one instruction, Chris will not learn to read at a sufficient level and will not be able to pass the HSGQE.

DLC sent a demand letter January 3, 2005 to ASD in an effort to avoid litigation. **Ex. D.**

As Chris turned 18 in February, 2005, he executed a power of attorney giving Mr. Mayrand continued power to make all educational decisions under the IDEA. **Ex. E.**

Mediation was attempted on March 1, 2005 with MNSEMS but did not resolve all issues. **Ex. F.** Despite the fact that the family reached some accord with the ASD regarding Chris' IEP, no solution has been found for the necessary education he needs to pass the HSGQE.

Mr. Mayrand continued to pay for Sylvan services this school year in reading only. **Ex. G.** He also arranged for the testing for Chris in math and writing at Sylvan. Mr. Mayrand paid some of the costs out of pocket ($1086.00) and has obtained a loan in the amount of $17,515.00. **Ex. G.**

2

EXHIBIT _A_
Page _2_ of _5_

Chris' grades are attached as **Ex. H.** It is clear that Chris tries very hard in the classroom and is doing his best.

Chris' history in failing the HSGQE is attached as **Ex. I.** It was Chris' hope and Mr. Mayrand's hope that with the assistance of Sylvan during 2004-2005, he could pass at least the HSGQE reading portion. Chris did substantially improve in reading, from 263 to 299 but he still did not pass since the proficiency score is 322. Chris has also not passed the math or writing portions of the HSGQE.

### CHART OF HSGQE SCORES - C. WRIGHT

| Grade | Test Date | Area | Score *Prof. Score |
|---|---|---|---|
| 10 | Spring 2003 | Reading | 219  *322 |
| | | Writing | 242  *275 |
| | | Math | 252  *328 |
| 11 | Oct. 2003 | Reading | 263  *322 |
| | | Writing | 238  *275 |
| | | Math | 291  *328 |
| 11 | Feb. 2004 | Reading | 285  *322 |
| | | Writing | 268  *275 |
| | | Math | 285  *328 |
| 12 | Fall 2004 | Reading | Not taken |
| | | Writing | 239  *275 |
| | | Math | 306  *328 |
| 12 | Spring 2004 | Reading | 299  *322 |
| | | Writing | 235  *275 |
| | | Math | 298  *328 |

Since the ASD has failed to ensure that Chris receives sufficient assistance so that he can pass the HSGQE, and given that Mr. Mayrand has had to resort to private assistance to help Chris, therefore, the ASD is denying Chris a FAPE and the DLC finds it necessary to request this special education due process hearing.

3

EXHIBIT _A_
Page _3_ of _5_

**Allegations.**

1. ASD has failed to provide Chris with an education designed to result in meaningful progress, including passage of the HSGQE, therefore, denying him a free and appropriate public education. The amount of actual instructional service time offered to Chris has been negligible.

2. ASD has failed to ensure that Chris has a meaningful transition services plan, including passage of the HSGQE.

3. ASD has failed to include the private provider, Sylvan, at any IEP meeting so that information about Chris' services there could be shared with his IEP team and by failing to so involve Sylvan, ASD has denied the parents full participation in the formulation of his IEP.

**Remedies Requested.**

ASD should:

1. Agree to provide Chris with 1:1 intensive educational services from Sylvan Learning Center for reading (up to 365 hours), writing and math at an amount and time consistent with parental request consistent with Chris' need for transitional services.

2. Include the intensive 1:1 services from Sylvan as an amendment to Chris' IEP.

3. Reimburse Mr. Mayrand for the cost of services provided by Sylvan Learning Center from October 2004 to date, including the costs of diagnostic assessment by Sylvan. Initially, Mr. Mayrand paid some of the costs out of pocket; approximately $1086.00. Eventually, he procured a loan through Sallie Mae, the total of which is $17,384.59.

4. Pay for costs of Sylvan testing in math and writing.

5. Any and all other remedies, including compensatory education if same is appropriate under the circumstances.

**Willingness to Engage in Mediation/Settlement:**

Consistent with the intent and purpose of the IDEA, the parents and DLC remain open to resolution of this matter without the necessity of a formal hearing. Mediation has been tried and failed, however, if there are settlement proposals that ASD wishes to make, DLC will receive same and review those with Mr. Mayrand. All settlement suggestions or proposals shall be provided in writing and faxed to this office. No proposals, including IEPs, or Section 504 plans should be forwarded to the parents, but rather should be sent to our

4

EXHIBIT _A_
Page __4__ of __5__

Anchorage office, or a copy may be forwarded by email to the parents and copied to DLC.

**Request for ASD Response:**

**The parents hereby specifically request that the ASD respond to the assertions and allegations herein. If not responded to, the parents and DLC will assume all assertions and facts to be true as stated.**

**Notice of Attorneys Fees:**

Notwithstanding that the Hearing Officer may or may not have authority to award attorneys' fees and costs, please be on notice that the Disability Law Center will exercise its right to recover all attorneys' fees and costs for representation of Chris Wright and Jeff Mayrand in this proceeding and in a forum consistent with the IDEA and case law pursuant thereto.

Sincerely,

Sonja D. Kerr
Supervising Attorney

C:    Jeff Mayrand
      Brad Owens
      Sharon Schumacher

5

EXHIBIT _A_
Page _5_ of _5_