**37 IDELR 215**
102 LRP 22242

***PETER G., a minor and GREGORY G. and INEZ G., individually and as parents and next friend of PETER G., Plaintiffs, v. CHICAGO PUBLIC SCHOOL DISTRICT NO. 299 BOARD OF EDUCATION and ILLINOIS STATE BOARD OF EDUCATION, Defendants.***

### U.S. District Court, Northern District of Illinois

### 02 C 0687

### September 13, 2002

### Related Index Numbers

370.035 Discovery
370.040 Evidence

Related case reported at 36 IDELR 237

### Case Summary

The court found certain new evidence sought to be introduced by the parent to be unnecessary to its IDEA determination. Specifically, since the matter to be decided involved the student's 2001-02 placement, witness' testimony concerning the 2002-03 placement was irrelevant. Any issues concerning 2002-03 belonged in a separate lawsuit, the court stated. It also disallowed supplemental evidence concerning the student's summer teacher, since the student only stayed at the school for three mornings before his mother removed him from the program. The court pointed out that the summer placement was not an issue in the case. Additionally, the court refused to entertain a report by a speech/language pathologist, finding that it did not provide any information that was not contained in another, more detailed report. However, it allowed a limited deposition of a therapist whom the parents claimed participated in the student's training program ordered by the IHO. The court limited to three hours the depositions of a case manager and of a translator who designed and implemented the training program. The depositions of the other witnesses could not exceed one and one-half hours, it ruled.

### Judge / Administrative Officer

Holderman, U.S. District Judge

### Full Text

### Memorandum Opinion and Order

Defendant Chicago Board of Education noticed for presentment on September 10, 2002, a motion entitled: DEFENDANT, CHICAGO BOARD OF EDUCATION'S MOTION TO CLARIFY THIS COURT'S JUNE 7, 2002 ORDER, FOR PROTECTION ORDER TO LIMIT DISCOVERY, OR ALTERNATIVELY, TO ALLOW MORE TIME FOR WITNESS IDENTIFICATION; AND TO BAR CERTAIN EXPERT WITNESSES, OR

EXHIBIT _B_
Page _1_ of _4_

ALTERNATIVELY, GRANT THE BOARD MORE TIME TO DECLARE ITS OWN EXPERTS. This court's June 10, 2002 order, which is the focus of the pending motion, granted in part plaintiffs', Peter G.'s ("Peter") and his parents Gregory G.'s and Inez G.'s, motion seeking limited supplemental evidence as to certain post-hearing events for consideration in the adjudication of plaintiffs' IDEA claim. In the June 10, 2002 order, this court held generally that the evidence plaintiffs sought to present would aid this court in making an independent determination of whether the requirements of the IDEA have been satisfied, while still giving "due weight" to the results of the administrative decision by independent hearing officer Richard Brimer ("IHO Brimer"). Since the issuance of this order, plaintiff has disclosed two expert reports to defendant Chicago Public Schools' ("CPS") and has noticed the depositions of seven Chicago Public School ("CPS") employees.

This court, having reviewed the matter hereby clarifies its June 10, 2002 order and for the following reasons, defendant's motion is granted in part and denied in part as stated below.

**Analysis**

As a preliminary matter, the parties dispute whether Peter's extended school year ("ESY") placement at Coonley school for the summer and Peter's current placement at Stock school for the 2002-2003 school year is an issue on review before this court. In conjunction with the depositions of the seven CPS employees, plaintiff seeks any documents, emails, notes, or other written or electronic materials these employees have with regard to Peter's ESY placement and Peter's IEP for the 2002-2003 school year. This court finds that the administrative review proceeding before this court deals only with Peter's 2001 IEP placement at Blaine Elementary School for the 2001-2002 school year. Peter's ESY and current placement are not at issue. Plaintiff argues that the "new location triggers the same issues regarding implementation of IHO Brimer's decision, and the same need for an assessment of whether the requirements of the IDEA have been met." However, what plaintiff essentially seeks is a full blown inquiry into the appropriateness of Peter's current placement under the IDEA, which this court finds would inappropriately transform this administrative review into a *de novo* review Peter's 2002-2003 and ESY placements. Any issues regarding these placements belong in a separate lawsuit. Accordingly, any supplemental evidence plaintiff seeks to introduce relating to Peter's ESY or current placement is disallowed.

As to plaintiffs' specific discovery requests, this court finds, generally, that plaintiffs' requests exceed the extent of additional discovery this court allowed for the limited purpose of supplementing the administrative record. This court's intent in its June 10, 2002 order was simply to allow plaintiff to discover and introduce a limited amount of supplemental evidence relevant to Peter's progress since the date of the administrative hearing that would aid the court in its IDEA determination. Under 20 U.S.C. § 1415(e)(2), any court hearing an IDEA action may, in its discretion, allow additional evidence under § 1415(e)(2), but is not required to allow all evidence proffered by the plaintiff in an IDEA proceeding. *Monticello School Dist. No. 25 v. George L.,* 102 F.3d 895, 901 (7th Cir.1996) (quoting *Town of Burlington v. Dept. of Educ.,* 736 F.2d 773, 791 (1st Cir.1984). The IDEA contemplates that the source of evidence generally will be the administrative record with some supplemental evidence presented at trial, including the reasons for supplementation such as "evidence concerning relevant events occurring subsequent to the administrative

EXHIBIT B

Page 2 of 4

hearing." *Town of Burlington,* 736 F.2d at 790. Finally, the Seventh Circuit warns that "[a] trial court must be mindful that it does not review the administrative decision *de novo* ... ". *Patricia P. v. Bd. of Educ. of Oak Park,* 203 F.3d 462, 470 (7th Cir.2000). This court makes the following determinations limiting plaintiffs' supplemental discovery requests.

Specifically, defendant objects to the following witnesses plaintiffs seek to depose: Brett Roberts, Fred Beskamp, Jill Weil, Lynn Pena, and Rachel Potter. As to Brett Roberts, this court finds that supplemental evidence on Brett Roberts is irrelevant and unnecessary to this court's IDEA determination. Brett Roberts has never met nor provided any services to Peter. This court rejects plaintiffs' argument that Mr. Roberts' testimony is relevant because he participated in the August 16, 2002 IEP for Peter's 2002-2003 placement because, as stated above, the 2002-2003 placement is not before this court in this case. In addition, this court disallows supplemental evidence as to Jill Weil, Peter's schoolteacher during the summer of 2002 at Coonley school, given the fact that Peter only stayed at Coonley school for three mornings before his mother took him out of the summer program, and more importantly, because Peter's summer placement is not at issue in this case. This court will, however, allow the limited deposition of Fred Beskamp, who is a Chicago Public School speech and language therapist who plaintiffs allege was assigned to Blaine and participated in the training ordered by IHO Brimer. This court finds that this limited testimony would be relevant to this court's independent determination of whether the IDEA requirements were met as to Peter's 2001-2002 placement.

As to plaintiffs' expert witness reports, defendant has not objected to plaintiffs' introduction of the report by Suzzanne Carr, Program Director and Speech Language Pathologist at Belle Center. Ms. Carr's report addresses Peter's progress from the due process hearing through August 8, 2002. This court finds that the report plaintiffs seek to introduce by Rachel Potter, a Speech and Language Pathologist at Children's Memorial Hospital, which was based on evaluations conducted by Ms. Potter on July 31, 2002 and August 14, 2002, does not provide any new information that is not included in Ms. Carr's more detailed report. Accordingly, this court disallows Ms. Potter's report as cumulative.

Plaintiff has also named Lynn Pena, to provide expert testimony on the term "manual communication" and to critically assess the training in manual communication provided by CPS in response to IHO Brimer's decision. This court will allow Ms. Pena's report for the very limited purpose of providing expert testimony on the meaning of the term "manual communication" and a discussion of the elements of training in manual communication offered by CPS pursuant to IHO Brimer's decision. In his decision, IHO Brimer gave a general definition of the term "manual communication" and ordered the school district to provide instruction in "manual communication" to the service providers at Blaine. While Ms. Pena testified during the due process hearing before IHO Brimer, Ms. Pena did not specifically address the term "manual communication." Based on this court's review of the record, it further appears that no other witness testified as to the term "manual communication" before IHO Brimer during the due process hearing. This court believes understanding this term would be relevant and helpful in this court's IDEA determination. Therefore, this court allows Ms. Pena's testimony only within the limit specified above. This court does not allow Ms. Pena's testimony for the purpose of restating any issues discussed during the due process hearing, nor for the purpose of presenting Ms. Pena's opinion that the use of "manual communication" as stated in IHO Brimer's decision is an "inappropriate" use "in the context of Peter's education." (Def.'s Motion to Clarify, Ex. G at 3-4.). Whether or not the CPS placement of Peter for the 2001-2002 school year met the

EXHIBIT B
Page 3 of 4

IDEA requirements is an independent determination for this court to make. This court "must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo.*" *Town of Burlington,* 736 F.2d at 791. It is significant to note that plaintiffs are nonetheless allowed to introduce a substantial amount additional evidence to supplement the administrative record, as defendants have not objected to the depositions of Mary Ellen Rice, a pre-school teacher at Blaine, Kathy Kinsey, the case manager, Mary Alice Lavin, the itinerant teacher who was assigned to help with Peter's transition, and Alana Purcell, a hearing impaired translator who developed and implemented the training program at Blaine, conceding that they are relevant to the issues of Peter's transition to Blaine and to the training program. Further, defendant files no objection to the introduction of expert Suzanne Carr's report.

Finally, defendant requests that this court to limit the deposition testimony of each of plaintiffs' witnesses to 1 hour, except for Alana Purcell, whose deposition defendant recognizes will be more lengthy because she devised and implemented the training program at Blaine for Peter's providers. Defendant asks that Ms. Purcell's deposition be limited to 3 hours. Plaintiffs object to any strict time limits, and expects that depositions of Ms. Purcell, and Kathy Kinsey, who acted as a case manager for Peter and oversaw the implementation of IHO Brimer's order, may take 3-4 hours. In making their estimates, plaintiffs took into consideration testimony as to Peter's ESY placement at Coonley, and Peter's 2002-2003 placement at Stock school, which, as discussed above, this court does not allow as supplemental evidence in this administrative review of Peter's 2001-2002 placement. Given the limited scope of supplemental evidence this court is allowing, and keeping in mind that this court may not review the IHO Brimer's administrative decision *de novo,* this court limits the depositions of Ms. Purcell and Ms. Kinsey to 3 hours each, and those of the remaining allowed witnesses to 1.5 hours each.

### Conclusion

For all the reasons stated above, defendant's motion is granted in part and denied in part. The additional evidence plaintiffs seeks to discover and introduce to supplement the administrative record is limited to matters specified within this opinion and order, and limited to the following witnesses: Fred Beskamp, Lynn Pena, Kathy Kinsey, Mary Alice Lavin, Suzanne Carr, and Alana Purcell. Defendant's request for an extension of time to declare its own witnesses and experts in response is granted. Plaintiffs are ordered to provide their Rule 26(a) disclosures for proposed expert witness Lynn Pena no later than September 26, 2002. Defendant is ordered to name additional witnesses in response and make its Rule 26(a) disclosures by October 11, 2002. Discovery for this case shall be completed by October 25, 2002. All other set dates set dates remain. The parties are again urged to discuss settlement.

**Statutes Cited**

**20 USC 1415(i)(2)**

**Cases Cited**

**102 F.3d 895**
**736 F.2d 773**

EXHIBIT B
Page 4 of 4