**35 IDELR 124**
101 LRP 438

*Travis PACE  v. THE BOGALUSA CITY SCHOOL BOARD, et al.*

August 23, 2001

Civ.A. 99-806

**U.S. District Court, Eastern District of Louisiana**

Related case reported at 34 IDELR 116

**Related Index Numbers**

10. AMERICANS WITH DISABILITIES ACT (ADA)
405.020 Cause of Action Under Section 504
80.005 Cause of Action
80.010 Relationship to IDEA
370.015 Cause of Action

**Full Text**

### Order and Reasons

Before the Court are three motions: 1) defendant Bogalusa City School Board's Motion for Summary Judgment; 2) defendants the Louisiana State Board of Elementary and Secondary Education, the Louisiana Department of Education, and the State of Louisiana's Motion to Adopt Bogalusa City School Board's Motion for Summary Judgment; and, 3) defendants the Louisiana State Board of Elementary and Secondary Education, the Louisiana Department of Education, and the State of Louisiana's Motion to Dismiss. For the following reasons, defendants the Louisiana State Board of Elementary and Secondary Education, the Louisiana Department of Education, and the State of Louisiana's Motion to Adopt Bogalusa City School Board's Motion for Summary Judgment is GRANTED; defendant Bogalusa City School Board's Motion for Summary Judgment is GRANTED; and, the remaining Motion to Dismiss is DENIED as MOOT.

### I. Background

Travis Pace is a Bogalusa High School student with special needs. Born on April 22, 1979, and a student in the Bogalusa school system since 1982, Travis requires special assistance because he has cerebral palsy, scoliosis, and various learning disabilities. He uses a wheelchair because of his orthopedic impairments and needs assistance to use the bathroom because of a bladder condition. Concerned about a lack of facilities at Bogalusa High School accessible to Travis because of his physical limitations, Travis' mother, Olivia Burks, requested a Due Process Hearing on July 21, 1997 claiming that Travis was being denied a free appropriate public education under the Individuals with Disabilities Education Act ("IDEA") . A hearing was held several times from September to December 1997, and the hearing officer found that Bogalusa had provided Travis with a free appropriate public education in the least restrictive environment.

EXHIBIT A
Page 1 of 6

Travis' attorneys appealed the decision of the hearing officer to the Louisiana State Level Review Panel ("SLRP"). The SLRP reviewed the evidence considered by the hearing officer and found that Travis had received educational benefits and a free appropriate public education from the Bogalusa City school system. *See* SLRP Dec. at 6. Specifically, the SLRP further found that Travis had not been denied a free appropriate public education because of accessibility concerns with other school facilities. *See id.* at 6-7. After reviewing the administrative record from the hearing officer and the SLRP, this Court in its order and Reasons of March 14, 2001 affirmed the SLRP and found that defendants had not violated Travis' rights under the IDEA.

In his complaint, Travis also alleged violations of the Americans with Disabilities Act ("ADA"), section 504 of the Rehabilitation Act of 1973 ("section 504"), Title 42, United States Code, section 1983 ("section 1983"), Louisiana's Civil Rights for Handicapped Persons act (La. Rev. Stat. 46:2252, 2254) and articles 2315, 2317, and 2320 of the Louisiana Civil Code. These claims are now before the Court on defendants, motion for summary judgment.

## II. Summary Judgment Standard

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995). "[A] dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 588 (1986). Therefore, "the mere existence of some factual dispute will not defeat a motion for summary judgment; Rule 56 requires that the fact dispute be genuine and material." *Willis,* 61 F.3d at 315.

The burden of demonstrating the existence of a genuine issue is not met by "metaphysical doubt" or "unsubstantiated assertions." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (quoting *Matsushita,* 475 U.S. at 588) . The Court must "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contrary facts." *Id.* The Court does not, "in the absence of proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* If the evidence leads to only one reasonable conclusion, summary judgment is proper. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).

## III. Analysis

Defendants argue that plaintiff's remaining claims should be dismissed on summary judgment because they have been previously adjudicated through the administrative review process and by this Court. Defendants explain that plaintiff's non-IDEA claims are redundant and subsumed within the decisions concerning the IDEA appeal. Plaintiff responds that his non-IDEA claims are separate and distinct from the IDEA claims and are

neither precluded nor merge with the resolution of the IDEA appeal.

It is well settled that a plaintiff suing under the IDEA may also raise viable claims under other statutes as well such as the ADA, section 504, and section 1983. *See* 20 U.S.C. § 1415(1); *Angela L. v. Pasadena Indep. Sch. Dist.,* 918 F.2d 1188, 1193, n. 3 (5th Cir. 1990). Section 1415(1) of the IDEA, as amended in 1997, states: "Nothing in this title shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C. § 12010, *et seq.*], title V of the Rehabilitation Act of 1973 [29 U.S.C. § 791 *et seq.*], or other Federal statutes protecting the rights of children with disabilities," except that the plaintiff must exhaust his administrative remedies under IDEA before filing claims under other statutes. 20 U.S.C. § 1415(1); *see Babicz v. School Bd. of Broward County,* 135 F.3d 1420, 1422 (11th Cir. 1998). Because plaintiff's IDEA claims have been adjudicated by state administrative review and by this Court, plaintiff may properly raise claims beyond the IDEA.

Plaintiff, however, cannot maintain a viable claim under a non-IDEA cause of action, such as the ADA, section 504, or section 1983, when the factual basis for such a claim is indistinct from the settled or resolved IDEA claim. *See Moubry v. Independent Sch. Dist.,* 9 F.Supp. 2d 1086, 1108-09 (D. Minn. 1998). As the Eighth Circuit explained in *Independent Sch. Dist. v. S.D.,* when the IDEA administrative hearing process produces an administrative decision affirmed on judicial review, "principles of issue and claim preclusion may properly be applied to short-circuit redundant claims under other laws." 88 F.3d 556, 562 (8th Cir. 1996).

The hearing officer, the SLRP, and this Court have all determined that Travis was not denied a free and appropriate public education because of accessibility concerns with Bogalusa High School. *See Pace v. Bogalusa City Sch. Bd.,* 137 F.Supp.2d 711, 719 (E.D. La. 2001). The evidence contained in the administrative record demonstrated that Travis was taught in the least restrictive environment and that he received special accommodations to address his physical needs. *See id.* Specifically, Travis received a personal key to the school elevator before his classes were transferred from the second to the first floor. *See id.* at 720. An aid assisted Travis whenever he needed to use the bathroom. *See id.* at 19. In addition, the school added ramps to the playfield and handicap spaces to the parking area. *See id.* at 720. Accordingly, the Court affirmed the findings by the hearing officer and the SLRP that defendants did not deny plaintiff his rights under the IDEA because of the facilities at Bogalusa High School.

Plaintiff's non-IDEA claims are precluded because they are part and parcel of the IDEA cause of action. *See Moubry,* 9 F.Supp. 2d at 1109 (citing *University of Tennessee v. Elliot,* 478 U.S. 788 (1986)). Plaintiff alleges violations of the ADA, section 504, the United States Constitution pursuant to section 1983, the Louisiana Civil Rights for Handicapped Persons and related state statutes because of alterations to Bogalusa High School that discriminated against him and prevented him from participating in programs and services because of his disability. *See* Pl.'s Detailed outline (Dec. 28, 1999) . He argues that he suffered discrimination because of the school environment and its facilities regardless of whether he received a free and appropriate education under IDEA. Particularly, plaintiff complains that he was discriminated against because he did not receive assistance in using the bathroom and because his special education classes were placed on the second floor of the school. *See id.*

EXHIBIT A

Page 3 of 6

The factual disputes resolved by the Court during the IDEA adjudication provide the basis for plaintiff's additional claims of discrimination. When evaluating the IDEA claim, the hearing officer, the SLRP, and the Court all found that the Bogalusa High School facilities were not improper, deficient, or defective. *See Pace,* 137 F.Supp. 2d at 721. Therefore, plaintiff cannot maintain claims of discrimination based on the same factual allegations as the IDEA cause of action after the Court has already resolved plaintiff's IDEA claim in favor of defendants. *See Hoekstra v. Independent Sch. Dist.,* 103 F.3d 624, 625-627 (8th Cir. 1996) (dismissing ADA, § 504, and § 1983 claims after no viable IDEA claim was found); *Urban v. Jefferson County Sch. Dist.,* 89 F.3d 720, 727-728 (10th Cir. 1996) (granting summary judgment on ADA and § 504 claims because of similarity to substantive and procedural framework of IDEA); *Moubry,* 9 F.Supp. 2d at 1108-12 (dismissing ADA, § 504, and state law claims as "duplicative" and "repackaged" IDEA claims); *Robert: H. v. NIXA R-2 Sch. Dist.,* 26 IDELR 564 (W.D. Mo. Aug. 9, 1997) (dismissing, ADA, § 504, and § 1983 claims based upon the administrative findings affirmed by the district court under IDEA); *D.F. v. Western Sch. Corp.,* 921 F.Supp. 559, 573-74 (S.D. Ind. 1996) (dismissing ADA and § 504 claims because plaintiffs failed to prove a violation of the IDEA).

Plaintiff responds that his non-IDEA claims were not litigated during the IDEA administrative hearing process and that they are "founded on the discriminatory actions and inactions" of the defendants. Pl.'s Supp. Opp. to Summ. J. at 6. To maintain a cause of action against defendants under the ADA or § 504, plaintiff must show "that a school district has refused to provide reasonable accommodations for the handicapped plaintiff to receive the full benefits of the school program." *Marvin H. v. Austin Ind. Sch. Dist.,* 714 F.2d 1348, 1356 (5th Cir. 1983) (emphasis in original); *see Hoekstra,* 103 F.3d at 626 (holding that the ADA, as successor to section 504, imposes an identical standard in education cases); *cf. Birmingham v. Omaha Sch. Dist.,* 220 F.3d 850, 856 (8th Cir. 2000) (requiring proof that "school officials acted in bad faith or with gross misjudgment"). The factual basis for plaintiff's ADA and section 504 claims, however, proves identical to plaintiff's IDEA claim. The Court found that Travis received meaningful educational benefit from a free and appropriate educational program and therefore cannot concomitantly find that the defendants refused to provide reasonable accommodations according to the same facts. *See Moubry,* 9 F.Supp. 2d at 1111 (explaining that it would be legally untenable for the court to find a violation of the ADA and § 504 after holding defendants complied with the IDEA requirements).

Plaintiff's claim of civil rights violations similarly fails because they are factually redundant of the IDEA claims. Plaintiff alleges a violation of section 1983 for acts of discrimination by defendants. In order to recover under section 1983, Travis must prove that his constitutional rights were violated as a result of a custom or policy of the defendants. *See Gabriel v. City of Plano,* 202 F.3d 741, 745 (5th Cir. 2000) (citing *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)). Plaintiff cites statements by defendants from the IDEA due process hearing of another student as evidence of a policy of discrimination which violated Travis' procedural and substantive civil rights.[1] *See* Pl.'s Supp. Opp. to Summ. J. at 9-12. Specifically, plaintiff indicates that defendants sanctioned a policy of segregating students with disabilities on the second floor of Bogalusa High School.[2] *See id.* at 9. In considering the complementary claim under the IDEA, the Court found no statutory violations. Accordingly, no claim for intentional discrimination may rest on the same substantive foundation supporting the IDEA claim. *See Weixel v. Board of Educ. of the City of New York,* 33 IDELR 31 (S.D.N.Y. Aug. 7, 1997) (finding no cognizable section 1983 claim); *Robert H.,* 26 IDELR at 564 (dismissing section 1983 claim based on

the same substantive claims raised under the ADA and section 504); *Smith v. Special Sch. Dist. No. 1,* 24 IDELR 1003 (D. Minn. Aug. 7, 1996) (dismissing section 1983 claim based on denial of due process under IDEA).

Plaintiff's state law claims may not proceed because they also arise from the settled facts of the IDEA claim. Plaintiff alleges violations of Louisiana's Civil Rights for Handicapped Persons act (La. Rev. Stat. 46:2252, 2254) and articles 2315, 2317, and 2320 of the Louisiana Civil Code. These statutes, however, provide causes of action for discrimination and tortuous conduct, respectively. Because the Court has already determined that defendants violated none of Travis' rights with respect to claims regarding his education, plaintiff may not continue with his state law claims.

Finally, the Court need not address the merits of the Motions to Dismiss filed by defendants the Louisiana State Board of Elementary and Secondary Education, the Louisiana Department of Education, and the State of Louisiana because these matters are now moot.

## IV. Conclusion

For the foregoing reasons, defendants the Louisiana State Board of Elementary and Secondary Education, the Louisiana Department of Education, and the State of Louisiana's Motion to Adopt Bogalusa City School Board's Motion for Summary Judgment is GRANTED; defendant Bogalusa City School Board's Motion for Summary Judgment is GRANTED; and, the remaining Motion to Dismiss is DENIED as MOOT.

[1] For example, plaintiff quotes the Superintendent of the Bogalusa City School System as stating that schools within the System "are to some degree handicapped accessible, to varying degrees. None of them are state of the art handicapped accessible." Pl.'s Supp. Opp. to Summ. J. at 11.

[2] Plaintiff further quotes the Superintendent as explaining, "When we realized that there were kids who had physical handicaps or visually impaired students or whatever, it would be better to move those classes departmentalized and all to the first floor. We did that." *Id.*

**Case Summary**

In denying the parent's IDEA claim, the court had previously determined that the student was taught in the LRE and that he received special accommodations to address his physical needs. The factual disputes resolved in the prior decision precluded the parent from maintaining a discrimination suit under the ADA and Section 504 or a civil rights action under Section 1983 based on the same allegations. Because it had previously ruled the student received meaningful educational benefit, the court said it would be inconsistent to entertain a claim under other laws that the district refused to provide reasonable accommodations. Since the court found no statutory IDEA violations, "no claim for intentional discrimination may rest on the same substantive foundation supporting the IDEA claim."

**Judge / Administrative Officer**

EXHIBIT A
Page 5 of 6

Fallon, U.S. District Judge

**Statutes Cited**

20 USC 1415(I)
42 USC 12010
29 USC 791

**Cases Cited**

918 F.2d 1188
135 F.3d 1420
9 F. Supp. 2d 1086
137 F.Supp. 711. * - Same or Connected Case
103 F.3d 624. * - Followed, as to Primary Issues
89 F.3d 720
714 F.2d 1348
202 F.3d 741
33 IDELR 31
24 IDELR 1003

EXHIBIT 4
Page 6 of 6