SONJA D. KERR (AK BAR NO. 0409051)
Disability Law Center of Alaska
3330 Arctic Boulevard, Suite 103
Anchorage, Alaska 99503
Telephone:   907-565-1002
Fax:         907-565-1000
Email:       skerr@dlcak.org

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| C.W., by and through his guardian, J.M.,     Plaintiffs, <br><br> v. <br><br> Anchorage School District,     Defendant. | Case No. 306-CV-00009 (TMB) <br><br> Memorandum in Opposition to Motion To Quash |

**MEMORANDUM IN SUPPORT OF
OPPOSITION TO MOTION TO QUASH**

**INTRODUCTION**

C.W. is a high school graduate with learning disabilities who is entitled to a free appropriate public education pursuant to the Individuals with Disabilities Education Act ("IDEA"). An administrative hearing officer found that C.W. was denied a free appropriate public education, but failed to provide him a sufficient remedy for that denial. One of the remedies C.W. requested was an improved special education program (i.e. a "transition plan" to plan for his "post-school" life) and another remedy was reimbursement of certain educational expenses that J.M. had incurred. Following an administrative hearing, C.W. filed suit to challenge the remedy to which he is entitled. While this case was pending, C.W. graduated from high school, and thus prospective relief is no longer necessary. A reimbursement claim may remain; however, in order to

prove the reimbursement claim, certain additional evidence is necessary. Defendant Anchorage School District ("ASD") has refused to respond to certain discovery requested by Plaintiffs and has moved the Court to quash the discovery. Without the discovery, Plaintiffs will be unable to litigate and prove their theory of the case. The Court should grant the discovery requests or, if the discovery is denied, grant a voluntary dismissal by Plaintiffs.

## FACTS[1]

C.W. attended East Anchorage High School in ASD as a second year senior during the 2005-2006 school year. C.W. has a specific learning disability, which causes him to have difficulty with reading, writing and math. C.W.'s guardian, J.M., requested a special education due process hearing pursuant to the IDEA alleging that the ASD failed to provide C.W. with special education to meet his educational needs. J.M. asserted that because of the failure of the ASD to provide C.W. the special education and services he needed, C.W. had failed to pass the High School Graduation Qualifying Exam, "HSGQE" several times and was ill prepared to graduate from high school. To supplement the deficiencies in C.W.'s educational program at East, J.M. paid for private tutoring from Sylvan Learning Centers, at a cost of approximately $17,000.

The parties participated in a due process hearing October 13-14, 2005. No formal discovery was conducted prior to the administrative hearing. No specific discovery process exists in hearings of this nature pursuant to the IDEA. 20 U.S.C. 1415. Nor is any specifically provided for pursuant to Alaska state law. 4 AAC 52.550, other than a

---

[1] Despite agreement of the parties and notification to the Department of Education and the Hearing Officer in this matter, no administrative record was ever submitted by the Hearing Officer or even transmitted by the Hearing Officer to the parties. See, Rule 26 Report, March 21, 2006.

requirement of exchange of "information" five days before the hearing. 34 C.F.R. 300.509. Hearsay testimony is admissible.

As remedies at the hearing, J.M. sought both reimbursement for the costs of tutoring and a transition evaluation and plan for C.W.

Certain evidence was missing during the hearing. Although Kimberly Sterne, C.W.'s special education teacher testified as to C.W.'s special education services and his progress, and asserted that she had completed progress reports for C.W. However, those reports were not produced at hearing. Aff. Kerr, Ex. 1 (Transcript from hearing, pg. 211). Nor was any written documentation verifying that certain special education services were provided to C.W. produced at or before the hearing. Finally, at the hearing, the ASD produced as witnesses, Sam Spinella, an assistant principal at East High School and Mary DeHoux, a school psychologist, both of whom acted as expert witnesses. Prior to the due process hearing, however, no "expert report" or other information about these individuals or their expertise or knowledge was produced for the Plaintiffs.

Ultimately, the Hearing Officer issued a decision on December 13, 2005. The IHO found that the ASD had denied C.W. a free appropriate public education in the area of transition services. The IHO found that ASD denied C.W. a free appropriate public education because it did not adequately evaluate C.W. in the area of transition from high school, and did not provide him a transition plan that met IDEA and state standards. However, the IHO only issued a remedy to C.W. that required ASD to develop a transition plan for C.W. for his "post high school" life.

An appeal and lawsuit pursuant to the IDEA was filed with this Court in January of 2006. See, Complaint.

Meanwhile, C.W. proceeded to work with Sylvan. Ultimately, he retook the HSGQE and passed the test. C.W. graduated this spring, 2005, from East High School in the Anchorage School District.

Counsel for the parties agreed that discovery requests would be submitted by Plaintiffs on May 15, 2006, and with the agreement of opposing counsel, agreed to June 16, 2006. Aff. Kerr, Ex. 2, 3. Accordingly, on June 15, 2006, Plaintiffs filed a Notice of Deposition of Kimberly Sterne, Notice of First Request for Production of Documents, and Notice of First Set of Interrogatories. Aff. Kerr, Ex. 4, 5, and 6.

On June 21, 2006, Defendants filed a Motion to Quash Deposition and for a Protective Order. This memorandum is in response to Defendants' Motion. Plaintiffs have also filed a Motion for Voluntary Dismissal which it requests the Court to grant in the event that the Defendants Motion is granted, since Plaintiffs will not be able to prove their case absent the additional discovery.

## ARGUMENT

**I.    DISCOVERY IS PERMISSIBLE TO DETERMINE THE NEED TO SUBMIT ADDITIONAL EVIDENCE.**

The IDEA provides that the "court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. 1415(i)(2)(A). The seminal case on this matter is *Town of Burlington v. Department of Education*, 736 F. 2d 773, 770-791 (1st Cir. 1984), aff'd, 471 U.S. 359 (1985). According to *Town of Burlington*, the reasons for supplementation of the administrative record can vary. They might include gaps in the

administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The Ninth Circuit has liberally applied the provision, and held that additional evidence is admissible. The Court of Appeals for the Ninth Circuit has observed "judicial review in IDEA cases differs substantially from judicial review of other agency actions, in which courts generally are confined to the administrative record and are held to a highly deferential standard of review." *Ojai Unified School Dist. v. Jackson,* 4 F. 3d 1467, 1471 (9th Cir. 1993). Obviously, in order to even make a motion that the Court accept additional evidence, the Plaintiffs need to seek discovery so that they may determine what "additional evidence" to offer the Court. *Susan N. v. Wilson Sch. Dist.*, 70 F. 3d 751 (3rd. Cir. 1995). Because the IDEA specifically requires a district court to "receive the records of the administrative proceedings, . . . hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence," grant any appropriate relief, 20 U.S.C. Section(s) 1415(e)(2), a district court "does not use the substantial evidence standard typically applied in the review of administrative agency decisions, 'but instead must decide independently whether the requirements of the IDEA are met.'" *Murray v. Montrose County Sch. Dist.,* 51 F.3d 921, 927 (10th Cir. 1995) (quoting *Board of Educ. v. Illinois State Bd.,* 41 F.3d 1162, 1167 (7th Cir. 1994)). In order to do so, the Court must allow Plaintiffs discovery. After discovery, if the Plaintiffs seek to amend the record, they would proffer a motion for additional evidence, citing to that discovery they believe is necessary for the Court. At this juncture, it is therefore, improper for the Court do simply deny Plaintiffs all discovery. Plaintiffs should be permitted to conduct

discovery with the usual standard that discovery is necessary which may "reasonably" lead to discoverable information.

**II.     MINIMAL DISCOVERY IS SOUGHT.**

Plaintiffs seek minimal additional discovery in order to prove their theory of the case, which is that the Sylvan reimbursement is appropriate because the ASD did not provide C.W. with the special education services he required, and thus J.M. incurred the expense. Plaintiffs propounded just one deposition, 12 interrogatories and 21 requests for production of documents.

The information sought is information that was not available to Plaintiffs at the time of the administrative hearing in October 2005 and falls within the *Town of Burlington* rule. No formal discovery is permissible in these administrative proceedings. Neither side typically submits discovery requests or conducts depositions. The administrative process in Alaska is very informal.

Moreover, the discovery sought is related to the very types of exceptions to which the *Town of Burlington* case, and the *Ojai* case refer. That is, due to the nature of the proceeding and the fact that the administrative record is simply void on these points. Commenting on the principles set forth in the *Town of Burlington*, the Court of Appeals for the Eleventh Circuit observed in *Walker County School District v. Bennett*, 203 F.3d 1293, 1299 n. 12 (11th Cir. 2000) that the unavailability of information by way of discovery in the administrative process would also justify allowing later discovery and supplementation at the district court level:

> It should also be noted that the enumeration of factors given by the First Circuit in Town of Burlington as possible reasons for supplementation of the evidence is a non-exhaustive list. The availability or unavailability of discovery procedures in the state administrative system, for example, might properly influence the extent to which the district court allows

> discovery in the review proceedings before deciding whether to admit or refuse any proffered evidence. The district court also has broad discretion, in our view, with respect to the form in which any supplemental evidence is received, i.e., deposition transcripts or affidavits in lieu of personal appearance.

The court of appeals in *Town of Burlington* rejected any rule that would categorically exclude certain types of evidence, let alone exclude all supplementary evidence altogether especially where, as here, the information was clearly relied upon by the Defendants' witnesses who testified but was evidence that was not available to Plaintiffs.

First, Plaintiffs' requested information related to the progress reports by Kimberly Sterne and any other data that would establish how the ASD documents progress of students in special education cases (Request for Production No. 1, 2, 3, 4, 5, 6, 7, 8, 12, 13, 17; Interrogatories No. 1, 2, 3, 4, 5, 6, 7). Obviously, teachers must be supervised and must submit some sort of record of their work. Plaintiffs seek to determine whether any evidence exists to document in written form what Ms. Sterne asserted as to her instruction of C.W. and his progress.

Another set of information includes any information relied upon by Mary DeHoux and Sam Spinella, the two "experts" called by the ASD during the course of the hearing. (Request for Production, No. 9, 10, 15, 16, 17, 18; Interrogatories No. 8, and 9.) 34 C.F.R. 300.509 (a)(3)(b) requires that parties to an administrative hearing of this nature provide to the other side a copy of any report that they have about the student or any recommendation that they intend to make at hearing. Both DeHoux and Spinella offered opinions about C.W.'s progress, about whether his progress would have been better if he had taken certain courses, whether and under what circumstances he could pass the HSGQE. But none of these "opinions" were produced five days before the hearing. Plaintiffs objected but the opinions were still permitted. At a minimum,

Plaintiffs are entitled to discovery what these two "experts" relied upon in offering these opinions to the IHO.

Plaintiffs also seek information regarding all records or information regarding prior incidents of the ASD's failure to comply with the IDEA as well as the typical requests for insurance coverage of these claims. (Request for Production No. 19, 20; Interrogatories No. 8, 9, 10.) These are uniformly acceptable interrogatories and requests for production of documents pursuant to FRCP Rule 33 and 34. Nothing in the IDEA suggests that this type of additional evidence --- something that could not be requested during the administrative process—would be excludable at the federal court level.

Notably, Plaintiffs request to depose Ms. Sterne would be limited to any additional information received as the result of the discovery requests. Thus, it is not duplicative of the cross-examination completed at the due process hearing when that information-especially the progress reports – were not available.  Ms. Sterne testified at hearing regarding the information sought:

Q: Did you provide progress reports each quarter?

A: I believe so, yes.

Q: Do you know where they are?

A: No.  I think the IEP program, when you – like, a new IEP, I'm not sure.  I think actually, that's only when an IEP in progress.  I'm not sure where they are on here.  They [are] not on here, though.

Q: My question is: Do you know where the progress reports are?

A: I would have to look through my paperwork.

Aff. Kerr, Ex. 1 (Transcript from hearing, pg. 211, Ex. C to Aff. Kerr). However, the progress reports were not provided at hearing. *Walker County School District v. Bennett*, 203 F.3d 1293, 1299 n. 12 (11th Cir. 2000); and see *Antoine M. v. Chester Upland School District*, 420 F. Supp. 2d 396 (E.D. Pa 2006) (permitting plaintiffs to depose certain witnesses who had already testified at hearing where evidence was wrongly excluded by the hearing officer).

Furthermore, the Defendants misunderstand the process to be used in these cases. The initial process is that discovery proceeds and then, as necessary, Plaintiffs move the Court to accept additional evidence. *Ojai,* supra; *Walker,* supra.  Defendants complain that Plaintiffs cannot pinpoint with certainty what additional evidence they need, but Plaintiffs have made their requests for discovery and need to proceed with that discovery in order to move the Court to accept the additional evidence. It appears, however, at this juncture, that the necessary information is primarily the progress reports or work reports of Ms. Sterne to determine her work with C.W., and the underlying expert information of Sam Spinella and Mary DeHoux. The lack of this information is not the failure of the Plaintiffs nor any effort by the plaintiffs to "save their best case" for Federal Court. It is simply information that the Defendants did not make available at the hearing and which the Plaintiffs could not obtain prior to the hearing process, and to which the Plaintiffs raised objection at the time of the hearing.

### III.   Timing of Requests

Defendants agreed that discovery could be served by June 16, 2006. Aff. Kerr, Ex. 1. The Court's initial scheduling order called for a Rule 26 report. The parties submitted that on March 21st and the Court issued an amended order due to an error, to

which the parties responded as well. In each instance, the parties continued to agree that the plaintiffs would submit discovery, and defendants would respond or oppose. Thus, the discovery agreement – service by June 16, 2006, should be honored by the Court in the absence of any other scheduling order given the unfortunate error. Thus, since the Defendants agreed to the extension, which was within the parties' discretion according to the Court's initial scheduling order, the discovery is permissible.

## CONCLUSION

Plaintiffs request that the Court deny the motion to quash and protective order.

Respectfully submitted this 24th day of July, 2006.

          /s Sonja D. Kerr
Sonja D. Kerr, (AK Bar No. 0409051)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK   99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Attorney for Plaintiff
Email: skerr@dlcak.org

Certificate of Service
I hereby certify that on the 24th day of January, 2006, a copy of this Complaint was served electronically on:
Brad Owens/Ray Goad
Jermain, Dunnagan & Owens
3000 A Street, Suite 300
Anchorage, AK 99503

/s Sonja Kerr
Sonja D. Kerr