SONJA D. KERR (AK BAR NO. 0409051)
MEG K. ALLISON (AK BAR NO. 0511091)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Boulevard, Suite 103
Anchorage, Alaska 99503
Telephone:    (800) 478-1234/907-565-1002
Email:    akpa@dlcak.org

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| C.W., by and through his guardian, J.M., | Case No. 306-CV-00009 (TMB) |
| Plaintiffs, | PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT |
| v. | |
| Anchorage School District, | |
| Defendant. | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT

The plaintiffs, by counsel, pursuant to Rule 33, request the defendants, Anchorage School District, to respond to the attached interrogatories within thirty (30) days of service hereof. Plaintiffs further request the defendants supplement their responses as required by Rule 26(e). The terms used throughout these interrogatories are defined as follows for the purpose of clarity and avoiding unnecessary repetition.

## DEFINITIONS

A. **"you"** and **"your"**: The person or entity(ies) to whom interrogatory or other request is addressed; its officers, directors, agents and employees, parent, subsidiary, division, affiliate, or any merged, consolidated, or acquired predecessor or successor; or any person acting on your behalf.

B.       **"documents":** The term "document" or "documents" shall include, without limitation, originals, masters, duplications, summaries, and every copy of writings, including handwritings, emails, and printed, or typed or other graphic or photographic matter including film or microfilm of any kind or nature, videotape, recordings (tape, disc or other) of oral communication and other data compilations from which information can be obtained, in the possession, custody or control of Defendants, or any present or former officers, employees or agents thereof, or known by Defendants to exist.

C.       The term **"person"** shall mean any individual, partnership, firm, corporation, association, joint venture, governmental agency, or any other business or legal entity.

D.       The term **"and/or"** means "and" and in the alternative "or" and shall be construed to require the broadest possible response to each interrogatory or request.

E.       **"identify", "identify", "identification", "describe" or "description:**

   (1) When used in reference to an individual, shall mean to state their full name, present or last known residence address, business or official affiliation, business address, and phone number

   (2) When used in reference to a corporation shall mean to state its full name, officers, directors, shareholders its state of incorporation, and its principal place of business.

   (3) When used in reference to a partnership, shall mean to state its full name, the identity (as defined) of each partner, and its principal place of business.

   (4) When used in reference to a person other than an individual, corporation or partnership, shall mean to state their official name, their organizational form, if any, and their address.

   (5) When used in reference to a communication, shall mean to state (a) whether such communication is oral or in writing; (b) if in writing, its date, author, addressee, custodian, title, present location and subject matter; (c) if oral, the date, persons participating, and the subject matter thereof.  In lieu of identifying any written communication, copies thereof may be furnished to Plaintiffs.

F.       **"communicate" or communications"**: Every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, e-mail, personal delivery, or otherwise.

G.       The term **"oral communication"** shall mean any utterance heard by any person, whether in person, by telephone, computer mail, facsimile transmission, or otherwise.

H.       The term **"thing"** means any physical object other than a document.

I.       The term **"policies"** or **"procedures"** shall refer to any rule, directive, practice, or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, which was in existence or is recognized by Defendants.

J.       The term **"meeting"** shall refer to any assembly, convocation, or encounter, or contemporaneous presence of two or more persons, whether or not planned, arranged or scheduled in advance.

K.       The term **"or"** shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories and requests any information which might be construed to be outside their scope.

L.       The singular includes the plural and vice versa.  The masculine includes the feminine and neuter genders.  The past tense includes the present tense where the clear meaning is not distorted by change of tense.

M.       The term **"Defendants"**, unless otherwise indicated, refers to Anchorage School District, its officers, and employees, contractual or otherwise.

N.       The term "**Transition Services**," unless otherwise indicated, refers to the transition services required by the IDEA, and Alaska State Law.

C.Wright                                                                                                                           3
Pl.Interrogatories

O.  The term "**special education services**" unless otherwise indicated, is as defined by the IDEA, and Alaska state law.

## INTERROGATORIES

1.  For each of the school years, 2002-2003, 2003-2004, 2004-2005, 2005-2006, please identify the following:

   a. The name of each licensed special education teacher employed by and paid by the Anchorage School District who provided any special education services to C.W.

   b. The number of hours of special education services provided to C.W. by any licensed special education teacher in the Anchorage School District.

   c. The individual responsible within the Anchorage School District to record or document the number of hours of special education services provided to C.W. by any licensed special education teacher in the Anchorage School District.

   **ANSWER**:

2.  For each of the school years, 2002-2003, 2003-2004, 2004-2005, 2005-2006, please identify the exact location (room number, and school building) where the special education services were provided to C.W.

   **ANSWER**:

3.  For each of the school years, 2002-2003, 2003-2004, 2004-2005, 2005-2006, please identify the process, manner or procedure by which the special education services provider was required to record, document or otherwise memorialize in written form, the special education services provided to C.W.

   **ANSWER:**

C.Wright                                                                                                              4
Pl.Interrogatories

4. For school years 2002-2003, 2003-2004, 2004-2005, 2005-2006, please indicate when, if at all, any progress report for C.W. was transmitted to the parent, Jeff Mayrand, in what manner, and indicate whether there is any report, record or other documentation of same and provide same.

**ANSWER:**

5. For each of the school years beginning in 2002, did Anchorage School District have in effect any written policy requiring special education teachers to document or memorialize in writing the special education services provided to special education students? If so, please identify the substance of said policies and state whether it was written or oral. If written, identify by Title.

**ANSWER:**

6. For each of the school years beginning in 2002, did Anchorage School District provide any training on the topic of transition services to special education teachers, including but not limited to Jan Dolan, Kimberly Sterne and Greg Hartlieb? If so, please identify the date, location and substance of said training.

**ANSWER:**

7. For each of the school years beginning in 2002, did Anchorage School District provide any training to parents on the topic of transition services, including training to Jeff Mayrand? If so, please identify the date, location and substance of said training.

**ANSWER:**

8. Do you have any information or knowledge that any person or entity (other than the plaintiffs in this case) has made any claim against the defendant(s) (formal or informal),

of lack of transition services during the past 10 years? If so, please state for each such person, entity and claim:

    a. The nature and date of the complaint;

    b. The names and addresses of the parties involved and/or their attorneys;

    c. A description of the claim and damages involved;

    d. The identity of the person to whom the complaint was made;

    e. If a lawsuit was filed, the caption, cause number, date of filing and Court where such lawsuit was filed; and

    f. The date and manner in which it was resolved or its present status.

**ANSWER:**

9. Has defendant ever been the subject of any investigation or other inquiry by any governmental agency, including the Department of Education and Early Development, and the Office of Civil Rights, in regard to an alleged failure to provide transition services? If so, for each such investigation and inquiry, please state:

    a. The nature, date and location of the incident that gave rise to each investigation and/or inquiry;

    b. The identity of the person to whom the complaint was made;

    c. The names and addresses of the parties involved;

    b. A description of the claim involved; and

    c. The date and manner in which the claim was resolved or its present status.

**ANSWER:**

10. Are there any contracts, agreements, bonds or insurance policies under which any individual, company or insurer is providing your defense and/or may be liable to satisfy, indemnify or reimburse you for part or all of any judgment that may entered against you in this

action? If so, please state for each such contract, agreement, bond and insurance policy: the name and address of each insurer; the name and address of each insured; the number of each policy; the effective dates thereof; the nature of the coverage; the dollar limits of liability coverage; the amount of the deductible; and whether the insurer has made known to you any of your representatives some ground or reason for denying you insurance coverage or is handling your defense under any reservation of rights or non-waiver agreement and, if so, state the reason given.

**ANSWER:**

11. State the following information for each document identified in plaintiffs' request for production which you are refusing to produce in response to plaintiffs' request:

    a. Description, date, and purpose;

    b. Names, addresses, employers and title of each person who prepared and/or signed it;

    c. To whom it was addressed;

    d. By whom it was received and who has custody of it; and

    e. The grounds on which you are objecting to its production.

**ANSWER:**

12. State the name, address, title and employer of each person who prepared, consulted, drafted and/or assisted in the preparation of answers to these interrogatories and responses to plaintiffs' request for production.

**ANSWER**:

C.Wright     7
Pl.Interrogatories

| | |
|---|---|
| Dated: June 15, 2006 | /s Sonja D. Kerr<br>Sonja D. Kerr, Bar No. 0409051<br>Disability Law Center of Alaska<br>3330 Arctic Blvd., Suite 103<br>Anchorage, AK 99503<br>Telephone: 907-565-1002<br>Fax: 907-565-1000<br>skerr@dlcak.org |
| | /s Meg K. Allison<br>Meg K. Allison, Bar No. 0511091<br>Disability Law Center of Alaska<br>3330 Arctic Blvd., Suite 103<br>Anchorage, AK 99503<br>Telephone: 907-565-1002<br>Fax: 907-565-1000<br>malison@dlcak.org |

Certificate of Service

I hereby certify that on the 15th day of June, 2006, a copy of this Complaint was served electronically and by regular U.S. Mail on:

Brad Owens/Ray Goad
Jermain, Dunnagan & Owens
3000 A Street, Suite 300
Anchorage, AK 99503

/s Meg Allison
Meg Allison

C.Wright
Pl.Interrogatories

8

SONJA D. KERR (AK BAR NO. 0409051)
MEG K. ALLISON (AK BAR NO. 0511091)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Boulevard, Suite 103
Anchorage, Alaska 99503
Telephone:    (800) 478-1234/907-565-1002
Email:           akpa@dlcak.org

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | | |
|---|---|---|
| C.W., by and through ) | | Case No. 306-CV-0009 (TMB) |
| his guardian, J.M., ) | | |
|     Plaintiffs ) | | |
| ) | | NOTICE OF DEPOSITION |
| v. ) | | KIMBERLY STERNE |
| ) | | |
| Anchorage School District, ) | | |
|     Defendant. ) | | |

_____

**NOTICE OF DEPOSITION**

You are hereby notified that plaintiffs, C.W., and his guardian, Jeff Mayrand, by counsel, will take the deposition of Kimberly Sterne, at Disability Law Center, 3330 Arctic Blvd., Suite 103, Anchorage, AK 99503 at 10:00 a.m. on Monday, June 26, 2006 before a notary public or a reporter authorized and qualified to take depositions. The deposition will continue from hour to hour until completion. You are invited to attend and cross-examine.

Dated: June 15, 2006

                                                /s Sonja D. Kerr
                                                Sonja D. Kerr, Bar No. 0409051
                                                Disability Law Center of Alaska
                                                3330 Arctic Blvd., Suite 103
                                                Anchorage, AK 99503
                                                Telephone: 907-565-1002
                                                Fax: 907-565-1000
                                                skerr@dlcak.org

C.W. v. ASD                                                                            Page 1 of 2
Notice of Sterne Deposition

        /s Meg K. Allison
Meg K. Allison, Bar No. 0511091
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
Telephone: 907-565-1002
Fax: 907-565-1000
mallison@dlcak.org

Certificate of Service

I hereby certify that on the 15th day of June, 2006, a copy of this Complaint was served electronically and by regular U.S. Mail on:

Brad Owens/Ray Goad
Jermain, Dunnagan & Owens
3000 A Street, Suite 300
Anchorage, AK 99503

/s Meg Allison
Meg Allison

C.W. v. ASD
Notice of Sterne Deposition

Page 2 of 2

SONJA D. KERR (AK BAR NO. 0409051)
MEG K. ALLISON (AK BAR NO. 0511091)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Boulevard, Suite 103
Anchorage, Alaska 99503
Telephone:   (800) 478-1234/907-565-1002
Email:   akpa@dlcak.org

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| C.W., by and through<br><br>his guardian, J.M.,<br>             Plaintiffs,<br><br>v.<br><br>Anchorage School District,<br>             Defendant. | Case No. 306-CV-00009 (TMB)<br><br>REQUEST FOR PRODUCTION OF DOCUMENTS |

_____

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

The plaintiffs, by counsel, pursuant to Rule 34, request the defendants to produce the following within thirty (30) days from the date of service hereof. Plaintiffs further request defendants to supplement their responses as required by Rule 26(e). For the purpose of clarity and avoiding unnecessary repetition, the terms used throughout these requests for production are defined in plaintiffs' interrogatories to defendants served contemporaneously herewith.

C.W. v. ASD                                                                                        Page 1 of 6
Pl.1stReq.Production Documents

## REQUEST FOR PRODUCTION

1. All documents in which were documented any special education services that were provided to C.W. by Kimberly Sterne during the school years 2004-2005 and 2005-2006, including but not limited to progress reports and data referred to by Ms. Sterne during her testimony in the underlying administrative hearing of this case.

    **RESPONSE:**

2. Any document describing any policy of defendant(s) regarding documentation of special education services that was in effect at any time during the years 2002-2006.

    **RESPONSE:**

3. All internal guidelines, manuals, memoranda, policy letters, reports, instructions, or other documentation describing the procedures for documenting the provision of special education services to students that was in effect in the Anchorage School District during the years 2002-2006.

    **RESPONSE:**

4. All manuals and other materials provided to supervisory personnel at any level regarding the training of employees concerning the procedures for documenting the provision of special education services to students that were in effect in the Anchorage School District during the years 2002-2006.

    **RESPONSE:**

5.  All manuals and other materials provided to employees at any level, regarding the documentation of special education services.

**RESPONSE:**

6.  All internal guidelines, memoranda, manuals, policy letters, reports, instructions or other documentation which describe or otherwise set forth procedures for transition evaluations of students that were in effect in the Anchorage School District.

**RESPONSE:**

7.  Copies of all training records for Jan Dolan, Kimberly Sterne, Greg Hartlieb, Mary DeHoux and Samuel C. Spinella.

**RESPONSE:**

8.  Complete copy of all files, documents and notes concerning C.W. in the possession of or otherwise maintained by any person who has been a member of C.W.'s IEP team during any of the school years starting in 2002 through 2006. This request includes not only all official files, but also any personal files or shadow files maintained by any teacher, administrator or other employee of defendant(s).

**RESPONSE:**

9.  Complete copy of any file, documents, or notes, including emails, concerning C.W. utilized, referred to or relied upon by Mary DeHoux, school psychologist.

**RESPONSE:**

10. Complete copy of any file, documents, or notes, including emails, concerning C.W. utilized, referred to or relied upon by Samuel Spinella, vice-principal for curriculum.

C.W. v. ASD                                                                                      Page 3 of 6
Pl.1stReq.Production Documents

**RESPONSE:**

11.    Any and all documents and/or exhibits you intend to offer into evidence at the trial of this cause.

**RESPONSE:**

12.    All notes, documents, sound recordings, memoranda, correspondence, minutes and other documentation of all conversations and meetings or other communication between plaintiffs and Kimberly Sterne, and specifically, any progress reports or data regarding C.W.'s progress in reading, and math areas.

**RESPONSE:**

13.    Copies of your document retention/destruction policy.

**RESPONSE:**

14.    All insurance policies (including all underlying, excess and "umbrella" coverage) and all other covenants and agreements under which any insurance company, individual or entity may be liable to satisfy part or all of any judgment that may be entered in this action or to indemnify or reimburse you for payments to satisfy the judgment.

**RESPONSE:**

15.    The most current resume (showing such information as to degrees received, academic experience, consulting experience, awards, honors, membership in professional societies, principal area of research, teaching experience and publications, etc) for each expert, including but not limited to any of your employees who you believe qualify as experts, whom you anticipate will testify at the trial of this case.

**RESPONSE:**

16. Your experts' reports and files (including but not limited to correspondence, memoranda, reports, statements, depositions, notes, photographs, video or audio tapes or other documents and artifacts which were received by each of the persons whom you anticipate calling as an expert witness at the trial of this case and which provide a basis of the experts' testimony).

**RESPONSE:**

17. All notes, logbooks, diaries, journals, scrapbooks, memoranda, correspondence relating to plaintiffs' claim maintained by defendants or employees of defendants, with the exception of communications with your counsel.

**RESPONSE:**

18. All records and other documentation of the date on which Mr. Samuel Spinella was first requested to become involved in C.W.'s case and notified of the due process hearing request and the need for his testimony there.

**RESPONSE:**

19. Any and all records, reports, or other documentation relating to complaints of which defendant is aware concerning failure to provide special education to a student that has occurred within the last 10 years.

**RESPONSE:**

20. Copies of each and every monitoring report, document or communication from the Department of Education and Early Development for the past three monitoring cycles that specifically pertains to the provision of special education services, including but not limited to transition services.

**RESPONSE:**

21. Copies of all documents and items you reviewed in responding to plaintiffs' interrogatories.

**RESPONSE:**

Dated: June 15, 2006

/s Sonja D. Kerr
Sonja D. Kerr, Bar No. 0409051
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
Telephone: 907-565-1002
Fax: 907-565-1000
skerr@dlcak.org

/s Meg K. Allison
Meg K. Allison, Bar No. 0511091
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
Telephone: 907-565-1002
Fax: 907-565-1000
mallison@dlcak.org

Certificate of Service

I hereby certify that on the 15th day of June, 2006, a copy of this Complaint was served electronically and by regular U.S. Mail on:

Brad Owens/Ray Goad
Jermain, Dunnagan & Owens
3000 A Street, Suite 300
Anchorage, AK 99503

/s Meg K. Allison
Meg Allison