Bradley D. Owens, Esq.
Raymond E. Goad, Jr., Esq.
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK  99503
Telephone:  (907) 563-8844
Facsimile:   (907) 563-7322

Counsel for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| C.W., by and through his guardian, J.M.,          ) | |
|               ) | |
|      Plaintiffs   ) | |
|               ) | |
| vs.                ) | |
|               ) | |
| ANCHORAGE SCHOOL DISTRICT,  ) | |
|               ) | |
|      Defendant     ) | Case No. 3:06-cv-00009-JWS |

## REPLY MEMORANDUM IN SUPPORT OF
## MOTION TO QUASH DEPOSITION AND FOR A PROTECTIVE ORDER

I.     INTRODUCTION

The critical issue in this motion is whether the discovery requested by the plaintiff falls within the scope of "additional" evidence, as that term is defined in *Ojai Unified School District v. Jackson*.[1]  Notwithstanding plaintiff's attempt to characterize the nature of the discovery he seeks so that it may fit within that definition, the fact is that a reasonable review of the discovery requests in the context of the administrative proceeding in this case demonstrates that the information sought fails to meet the *Ojai* test for additional evidence.  The plaintiff seeks information that it could have requested

_____

[1]   4 F.3d 1467 (9th Cir. 1993).

and/or obtained during the hearing.  The plaintiff has failed to establish any justification of the need for the requested discovery.  Essentially, the plaintiff seeks to re-litigate portions of the hearing on which he did not prevail.

Moreover, in his opposition, the plaintiff ignores the cases that use the *Ojai* standard to prohibit parties from taking discovery, instead asserting in conclusory fashion that "[d]efendants misunderstand the process to be used in these cases."[2]  Courts have undertaken a review of whether proposed discovery meets the standard for supplemental evidence.  The timing of such a review – prior to conducting discovery – serves to further the IDEA mandate of giving due weight to administrative proceedings, while at the same time allowing the court to exercise its discretion to determine whether a party seeking additional information has provided some solid justification for expanding the record.  It also furthers the policies of judicial economy and expediency, and prevents increasing the already litigious nature of such proceedings.

Accordingly, the Anchorage School District's ("District") motion to quash the deposition of Kimberly Sterne and for a protective order prohibiting the discovery requested by the plaintiff should be granted.

## II.     ARGUMENT

### A.     The Plaintiff's Discovery Requests Are Not Supplementary and He Provides No Solid Justification for the Discovery.

The appeal of an administrative hearing under the IDEA is a limited action.[3]  "The IDEA contemplates that the source of evidence generally will be the

---

[2]  Plaintiff's Memorandum in Support of Opposition to Motion to Quash, p. 9.
[3]   As explained in the Districts opening brief, in IDEA appeals, the "court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."  20 U.S.C. § 1415(i)(2)(A).

Reply Memorandum in Support of Motion to Quash
Deposition and For a Protective Order
Case No. 3:06-CV-00009-JWS                                                    Page 2 of 13

administrative record . . ..."  In other words, an appealing party does not get to expand an appeal into a de novo review or get the opportunity to re-litigate the case.[4]  Within the context of this limited action and under specific circumstances, additional evidence may be appropriate, although additional evidence is likewise limited.   As noted in the District's opening brief, on the question of additional evidence in IDEA appeals, the 9th Circuit has held that the term additional means "supplementary." [5]

The party seeking additional evidence must provide some solid justification for expanding the record.[6]  The *Ojai* court enumerated some of the reasons justifying the need for additional evidence when it noted that

> "the reasons for supplementation will vary;  they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing.   The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding.[7]

The discovery sought by the plaintiff does not does not satisfy any of the reasons for supplementation outlined in *Ojai*.  None of the information sought by plaintiff is void from the administrative transcript "*owing to mechanical failure*."   None of the information sought is justified by the unavailability of a witness or by relevant events subsequent to the hearing.  Finally, none of the discovery sought by the plaintiff resulted from improper exclusion of evidence at the due process hearing.

---

[4] *See Ojai*, 4 F.3d at 1471.
[5]  *Id.*
[6]  *See Gill v. Columbia 93 Sch. Dist.*, 32 IDELR 254, 32 LRP 6083 (8th Cir. 2000) (citing *E.S. v. Independent Sch. Dist. No. 196*, 135 F.3d 566, 569 (8th Cir. 1998); *Independent Sch. Dist. No. 283 v. S.D. by J.D.*, 88 F.3d 556, 560 (8th Cir. 1996)).
[7]  *Ojai Unified School Dist. V. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993) (quoting *Town of Burlington v. Department of Education*, 736 F.2d 773, 790-791 (1st Cir. 1984), *aff'd*, 471 U.S. 359 (1985))

Reply Memorandum in Support of Motion to Quash
Deposition and For a Protective Order
Case No. 3:06-CV-00009-JWS                                                    Page 3 of 13

Even accepting that the reasons outlined in *Ojai* represents a non-exhaustive list, the plaintiff's articulated justification for the need for the discovery does not hold up when viewed in the context of the administrative proceeding in this matter. "A district court has the discretion to deny a request for additional evidence which was not before the due process hearing officer if such evidence could have been available at the time of the hearing."[8]    Knowing this rule, the plaintiff argues that the information requested was unavailable at the time of the hearing.[9]    More pointedly, the plaintiff implies that the unavailability of formal discovery in the administrative hearing prevented the production of the information.[10]    These arguments fail.

One area plaintiff desires information relates to C.W.'s progress reports by Kimberly Sterne and information concerning how the District documents special education student progress (Request for Production No. 1, 2, 3, 4, 5, 6, 7, 8, 12, 13, 17; Interrogatories No. 1, 2, 3, 4, 5, 6, 7).[11]    As an initial matter, plaintiff was aware that progress reports were supposed to exist before Ms. Sterne's testimony.  The District produced copies of two of C.W.'w Individualized Education Plan ("IEP").[12]    Both IEP's indicate that quarterly progress reports were to be done.[13]    Prior to Ms. Sterne's testimony, plaintiff's counsel called District employee Eudora Fraczek to testify specifically (and exclusively) about the existence of quarterly progress reports:

---

[8]  *DeLullo v. Jefferson County Bd. of Educ.*, 194 F.3d 1304, (4th Cir 1999); *see also*, *Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 759-60 (3d Cir. 1995).
[9]  Plaintiff's Memorandum in Support of Opposition to Motion to Quash, p. 6.
[10]  *Id.*
[11]  Attached as Exh. D to Kerr Aff., Plaintiff's Memorandum in Support of Opposition to Motion to Quash.
[12]  *See* District's Disclosure of Witnesses and Exhibits attached hereto as Exhibit D; excerpt of April 2, 2004 IEP attached hereto as Exhibit E (hearing Exhibit 7) and excerpt of April 29, 2005 IEP attached hereto as Exhibit F (hearing Exhibit 11).
[13]  *See id.*

Reply Memorandum in Support of Motion to Quash
Deposition and For a Protective Order
Case No. 3:06-CV-00009-JWS                                    Page 4 of 13

Q: Ms. Fraczek, I'm just asking:  If we received no quarterly progress reports, can we assume there were no quarterly progress reports in the special education file that you were referring to, the main file?

A: I would get my special education records from the main file and from the department chairman at the high school, as well as usually the registrars at the high school, because they would hold the file.

Q: So if in response to our request we received no quarterly progress reports, does that mean there are none?

A: That means that the places I would have looked, I didn't find them.

    MS. KERR:  That's all I have. Thank you.[14]

    Prior to the hearing, the plaintiff was aware that such reports were required under the IEP.  Prior to the hearing the plaintiff was also aware that the District did not produce the reports.  At the time of the hearing, plaintiff questioned Ms. Fraczek about the existence of such records.  As noted in plaintiff's opposition, he also questioned Ms. Sterne concerning the progress reports at the hearing.

    If the plaintiff believed that he required the progress reports and documents concerning on training, policies and procedures regarding documenting the provision of services in order to prove his case (as he seems to now), and wanted the District to make a search for the documents, he could have asked the hearing officer for an order compelling the District to conduct a search and produce the documents if found. The plaintiff could have requested such an order at several points in the process – before the hearing after the District responded to the plaintiff's request for records, prior to the

---

[14] *See* Transcript from hearing, p. 174-175, attached hereto as Exhibit G.

Reply Memorandum in Support of Motion to Quash
Deposition and For a Protective Order
Case No. 3:06-CV-00009-JWS                                    Page 5 of 13

hearing when the District produced the IEP's as exhibits for the hearing, or at the conclusion of either Ms. Fraczek's or Ms. Sterne's testimony. He did not.

Despite the plaintiff's excuse he was prevented from obtaining the reports and other documents because no formal discovery is authorized in IDEA due process hearings, a mechanism for such discovery exists. Although administrative proceedings in Alaska are informal and discovery is not expressly authorized under the IDEA or Alaska law, hearing officers, including those in Alaska, have interpreted their powers under the IDEA to include consideration of questions about and ruling upon discovery matters, including motions to compel discovery.[15]    What's more, the federal Office of Special Education Programs has long held the position that discovery in a due process hearing is a matter of discretion left to the hearing officer.[16]

Instead of asking the hearing officer for an order requiring a search for documents and compelling discovery, plaintiff chose to roll the dice – and use the fact that the District did not produce the progress reports as a sword in closing arguments in the due process hearing. In closing the plaintiff argued that "[t]here was a complete lack of objective evidence from the ASD that C.W. had made progress with respect to the goals on his IEP or the HSGQE [graduation exam]" and "[t]he ASD did not put forth any evidence of these quarterly reports."[17]

The plaintiff made the strategic decision to argue that the failure to produce these documents should be held against the District as the hearing officer

---

[15]    *See* Order of Hearing Officer Jonathon Katcher denying Parents' Request for an Order Compelling Discovery in DEED Case No. HR 05-09b, attached hereto as Exhibit H. In fact, counsel for the plaintiff in this case was counsel for the parents in HR 05-09b who moved for an order compelling discovery.

[16]    *Letter to Stadler*, 24 IDELR 973 (1196) (attached hereto as Exhibit I); *see also*, *Epsom School District,* 31 IDELR 120 (SEA NH 1999) (attached as Exhibit J); *Encinitas Union School District*, 31 IDELR 198 (SEA Cal. 1999) (attached as Exhibit K);

[17]    *See* excerpt of plaintiff's Written Closing Argument, attached as Exhibit L.

Reply Memorandum in Support of Motion to Quash
Deposition and For a Protective Order
Case No. 3:06-CV-00009-JWS                                                    Page 6 of 13

considered her decision rather than (either before or during the hearing) move for an order regarding a search for, and if found, the production of the documents. Now the plaintiff regrets that choice and wants another bite at the apple. In summary, plaintiff knew about the progress report requirement and knew that the hearing officer had the authority to address discovery matters and in the face of that knowledge chose to argue that the failure to produce should be held against the District.[18] When viewed in the proper context, it is clear that information related to the progress reports and the District's policies regarding documentation of progress do not fall within the scope of supplemental evidence as defined in *Ojai*.

The same is true with regard to the interrogatories concerning progress reports and how the District documents such progress. The plaintiff had a number of witnesses that he could have asked those questions of at the hearing: Cindy Anderson, Director of Secondary Special Education for the District; Jan Dolan, Special Education Department Chair at East High School; Sam Spinella, Curriculum Vice-Principal at East High School; Eudora Fraczek, Director of Federal and State Compliance for Special Education for the District, and; Kimberly Sterne, Special Education Teacher at East High School. As noted above, the plaintiff did question Ms. Sterne and Ms. Fraczek about some aspects of the progress reports and could have questioned them (and others) about the other aspects of documenting student progress. Again, the plaintiff chose not to inquire and now regrets that choice.

The same result obtains with respect to the plaintiff's proposed deposition of Ms. Sterne. In an attempt to shoehorn the deposition into the scope of permissible

---

[18] *See Roland M. v. Concord Sch. Comm.*, 910 F.2d 983, 998 (1st Cir. 1990) (district court should exclude evidence that party purposely chose not to present at the administrative level). Here, the plaintiff made the analogous deliberate decision to forego seeking discovery of information at the administrative level.

Reply Memorandum in Support of Motion to Quash
Deposition and For a Protective Order
Case No. 3:06-CV-00009-JWS                                        Page 7 of 13

supplemental evidence, the plaintiff argues that the deposition would only concern any material plaintiff obtains concerning progress reports as a result of discovery requests. This argument is unavailing and should be rejected.

Notably, the Notice of Deposition the plaintiff served on the District contains no restriction on the subjects the plaintiff seeks to depose Ms. Sterne.   In addition, the deposition was scheduled before the requested production responses became due.   Accordingly, it seems unlikely that plaintiff intended to limit the scope of the deposition to those new matters concerning the progress reports.   More importantly, Ms. Sterne was available as a witness at the hearing.   The plaintiff knew about the progress report requirement and asked some questions about the reports to both Ms. Sterne and Ms. Fraczek.   As argued above, the plaintiff could have requested an order compelling discovery – and then questioned Sterne about the information.[19]   The plaintiff made the decision to let that opportunity pass.

In summary, the information plaintiff seeks concerning progress reports, training, policies and procedures could have been requested, and to the extent it exists, could have been available to him either prior to or at the hearing. Accordingly, there is no justification for the plaintiff's requests and the requests do not fall within the scope of permissible supplemental evidence.   Ms. Sterne was a witness at the hearing and could have been questioned on the same information had plaintiff made the discovery demand at the time of the hearing.

---

[19]   Accordingly, the plaintiff's reliance on *Walker County School District v. Bennett* is misplaced.  In fact, the portion of that decision plaintiff relies upon simply states that the availability or unavailability of discovery procedures in the administrative hearing may influence whether to admit additional evidence. *Walker County*, 203 F.3d 1293, 1299 n.12 (11th Cir. 2000).  The other case plaintiff cites for support, *Antoine M. v. Chester Upland Sch. Dist.*, is distinguishable.   In that case, contrary to plaintiff's characterization of the case, the plaintiff sought to have four witnesses testify on appeal who <u>did not testify at the administrative hearing</u>.  *Antoine M.* 420 F.Supp.2d 396, 400-401 (E.D. Pa. 2006).  Here Ms. Sterne did testify at length during the hearing.

Reply Memorandum in Support of Motion to Quash
Deposition and For a Protective Order
Case No. 3:06-CV-00009-JWS                                                  Page 8 of 13

The second area the plaintiff requests discovery concerns two District witnesses at the administrative hearing, Sam Spinella and Mary DeHoux. The plaintiff labels these witnesses "experts" and then argues that it is entitled to reports and information regarding expert opinions pursuant to federal regulation.[20] This argument should be rejected. The regulation states that each party has an obligation to disclose, five days prior to the hearing, all evaluations completed by the disclosure date and recommendations based upon the offering party's evaluations that the party intends to use at the hearing.[21] Nothing on the face of the regulation requires the production of an expert report generally, or production of any reports outside recommendations based upon evaluations.

Contrary to plaintiff's argument, Mr. Spinella never offered any opinion about C.W.'s progress, never offered an opinion about whether C.W.'s progress would have been better if he had taken certain courses, and never offered an opinion about whether or under what circumstances C.W. could pass the HSGQE.[22] Mr. Spinella testified as a fact witness - as the Vice-Principal of Curriculum at East High School (C.W.'s school) - to the programs that were available to assist students taking the HSGQE.

Mr. Spinella also – as a fact witness – testified to the number of students who had taken these preparation courses and subsequently passed the exam. As the Curriculum Vice-Principal, Mr. Spinella knew about the programs and the general efficacy of the programs. In fact, the only questions asked of Mr. Spinella that could be

---

[20]  Plaintiff's Memorandum in Support of Opposition to Motion to Quash, p. 7.
[21]  34 C.F.R. § 300.509 (b)(1).
[22]  *See* Testimony of Sam Spinella, attached hereto as Exhibit M.

Reply Memorandum in Support of Motion to Quash
Deposition and For a Protective Order
Case No. 3:06-CV-00009-JWS                                          Page 9 of 13

characterized a specific to C.W. and asked for an opinion were those asked by plaintiff.[23]
Mr. Spinella was a fact witness who testified to available programs at East – he did not
offer any opinion elicited by the District about C.W.  Since he was not an expert, and
offered no opinions – plaintiff is not entitled to the discovery he seeks.

        The plaintiff also seeks information concerning the testimony of Mary
DeHoux, also a District employee at East High.  Ms. DeHoux did not do any evaluations
of C.W.:

    Q: French. Okay. Ms. DeHoux, I'm Ms. Kerr.  I'm working with the
family.

    You've never conducted any evaluation of the student in question
here, [C.W.], correct?

    A: Correct.[24]

Since no evaluation was done, no recommendations based upon any evaluation were
made.  Accordingly, no disclosure was required.

        In addition, the vast majority of Ms. DeHoux direct testimony related to
explaining differences in various standardized and non-standardized tests, similarities
between standardized tests and the HSGQE, and accommodations available to certain test
takers, primarily in response to one of plaintiff's witnesses who testified at length about
diagnostic tests.[25]  Ms. Dehoux offered no opinion based upon an evaluation of C.W.[26]

        Moreover, the plaintiff comes to this argument with unclean hands.  As
mentioned above one of plaintiff's witnesses, Nancy Anderson of Sylvan Learning

---

[23] *Id.* at pp 473-474.
[24]   Testimony of Mary DeHoux, attached hereto as Exhibit N, at p. 441.
[25]   *See* generally, testimony of Mary DeHoux.
[26]   Ms. DeHoux did offer opinions regarding problems a student of average intelligence and a reading
disability might have on the HSGQE and whether certain test accommodations would be recommended for
such a student.  *See id.* at pp. 438-439.

Reply Memorandum in Support of Motion to Quash
Deposition and For a Protective Order
Case No. 3:06-CV-00009-JWS                           Page 10 of 13

Center testified at length about C.W.'s progress at Sylvan, about C.W.'s diagnostic test scores regarding tests administered by Sylvan and about the nature and scope of the tests, and offered opinions about C.W.'s progress and the efficacy of the Sylvan program.[27] While Ms. Anderson testified at length about the diagnostic tests and offered opinions about C.W.'s achievement and progress, Ms. Anderson was not C.W.'s regular classroom teacher and she "could not recall" whether she had administered any of the diagnostic tests.[28]  Despite all of this testimony and the opinions offered by Ms. Anderson, the plaintiff never disclosed any report or opinions that Ms. Anderson was going to offer at the hearing.[29]  The plaintiff can't be heard to argue that he is entitled to expert reports and information under this regulations when he has failed to disclose this information about his own witness.

Mr. Spinella was not an expert witness. Mary DeHoux is arguably a hybrid witness – one who testified generally based upon her education, background and experience – but she offered no opinion about C.W.'s based upon any evaluation. DeHoux's testimony was generally limited to assisting the parties in understanding standardized tests and testifying generally about whether accommodations would assist an intelligent student with a reading disability.   In any event, the District had no obligation to provide any report in either case.

The third area of information plaintiff seeks, general information contained Request for Production No. 19, 20 and Interrogatories 8, 9, 10, do not meet the definition of additional evidence because the information sought is not supplemental.

---

[27]    Testimony of Nancy Anderson, attached hereto as Exhibit O, pp 243-258.
[28] *Id*. at 274
[29]    Similarly, plaintiff called Barbara Bateman as a witness.  While plaintiff disclosed that she was an expert, he did not provide any report of recommendations.

Reply Memorandum in Support of Motion to Quash
Deposition and For a Protective Order
Case No. 3:06-CV-00009-JWS                                                                    Page 11 of 13

Prior incidents and insurance coverage were not at issue in the administrative hearing, so by definition, such information cannot be supplemental. Despite plaintiff's assertion that such information is typically under the civil rules, this is not typical civil litigation. As discussed earlier, *Ojai* demands that any additional evidence be supplemental in nature. Since neither of the requests by plaintiff concern issues present at the administrative hearing, they cannot be supplemental. Accordingly, the plaintiff should not be entitled to the discovery.

   **B.**    **Courts Have Prohibited the Taking of Discovery Where it Does Not Meet the Test as Supplemental Evidence.**

In his opposition plaintiff ignores the cases that clearly have used the *Ojai* framework to prohibit a party from taking discovery in IDEA appeals.[30] Contrary to plaintiff's argument, the District doesn't ask for certainty in identifying the additional evidence – the District just asks that the plaintiff comport with the rule that it articulate some solid justification for expanding the record that fits within the *Ojai* framework.

The Plaintiff may find this difficult because he failed to request an order compelling a search for documents and production at the time of the hearing even though he knew about the progress reports and other information and because he failed to ask witnesses questions concerning information he now seeks – even though he had an opportunity to do so.

---

[30]    *See Burks v. Bogalusa City Sch. Bd.*, 31 IDELR 1, 31 LRP 5720 (E.D. La. August 17, 1999); *Peter G. v. Chicago Public Sch. Dist. No. 299*, 37 IDELR 215, 102 LRP 22242 (N.D. Ill. 2002); *Lillibask v. Sergei*, 193 F.Supp.2d 503 (D. Conn. 2002). One of these cases, *Burks*, was inadvertently replaced with another case bearing a similar name when attached to the District's opening motion as Exhibit A. The correct case is attached hereto as Exhibit A. The cases by

Reply Memorandum in Support of Motion to Quash
Deposition and For a Protective Order
Case No. 3:06-CV-00009-JWS                                      Page 12 of 13

## IV.     CONCLUSION

For the reasons stated herein, the District's motion to quash the deposition of Kimberly Sterne and for a protective order prohibiting the discovery propounded upon the ASD should be granted.

DATED in Anchorage Alaska this 16th day of August, 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.

_____/s/ Raymond E. Goad, Jr. _____

By:     Bradley D. Owens
          Jermain, Dunnagan & Owens, PC
          3000 A Street, Suite 300
          Anchorage, AK 99503
          907- 563-8844
          907-563-7322 (fax)
          bradowens@jdolaw.com
          Alaska Bar #7610122

          Raymond E. Goad, Jr.
          Jermain, Dunnagan & Owens, PC
          3000 A Street, Suite 300
          Anchorage, AK 99503
          907- 563-8844
          907-563-7322 (fax)
          rgoad@jdolaw.com
          Alaska Bar #0111062

Certificate of Service

I hereby certify that on this
16th day of August, 2006
I caused to be [ ] hand delivered;
[ ] mailed, US postage prepaid;
[ ] faxed and/or [x] e-mailed the
foregoing to:

Sonja D. Kerr
Disability Law Center of Alaska
3330 Arctic Blvd., Ste. 103
Anchorage, AK 99503

    /s/ Raymond E. Goad, Jr.

Reply Memorandum in Support of Motion to Quash
Deposition and For a Protective Order
Case No. 3:06-CV-00009-JWS                                    Page 13 of 13