24 IDELR 973
24 LRP 3815

## Letter to Stadler

## Office of Special Education Programs

### July 5, 1996

**Related Index Numbers**

160.020 Due Process Hearings, Impartiality Requirements

290.015 Local Educational Agencies (LEAs), Procedural Matters

470.030 State Educational Agency (SEA), Hearings and Hearing Procedures

390.013 Procedural Safeguards, Due Process Hearings

113.15 Consent/Parental, Disclosure of Records

160.010 Due Process Hearings, Evidentiary Considerations

196. FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT

375.020 Privacy Rights, Disclosure Other than to Parents

390.005 Procedural Safeguards, Confidentiality

160.008 Due Process Hearings, Discovery

370.035 Practice and Procedure, Discovery

**Judge / Administrative Officer**

Thomas Hehir Director Office of Special Education Programs

**Case Summary**

Does the practice of school district attorneys notifying a selected hearing officer that selection is contingent upon the parents' approval have a "chilling effect" on parents' ability to object to the selected hearing officer?

The practice of school district attorneys notifying a selected hearing officer that selection is contingent upon parents' approval does not have a "chilling effect" on parents' ability to object to a selected hearing officer, provided the local public agency complies with Part B's impartiality requirements for due process hearing officers---namely, ensuring that the hearing officer conducting the due process hearings is not employed by the local public agency administering the due process system and does not have any personal or professional conflict of interest. Part B does not provide parents with an opportunity to veto the selection of a hearing officer.

**Full Text**
**Appearances:**

Ronald S. Stadler

Stadler & Schott

Attorneys at Law

16655 W. Bluemound Rd.

Suite 360

Brookfield, WI 53005

### Text of Inquiry

I am writing to request clarification on several recurring situations that relate to due process hearings.

My first question relates to the selection of a hearing officer. On numerous occasions school districts or the school districts' attorneys have contacted the potential hearing officer and advised them that the district has selected them to serve as the hearing officer in the matter, subject to the parents' approval. As a result of this, we are forced to make a decision to accept or reject that hearing officer knowing full well that the hearing officer will be aware that it is the parents who struck them. We find this practice to have a chilling effect upon our ability to freely object to the appointment of a hearing officer. Accordingly, we ask for your interpretation in regard to whether this practice is an appropriate method of selecting a hearing officer.

My second question relates to another common practice among school districts and attorneys representing school districts in Wisconsin. In a vast majority of the cases that we bring forward to a due process hearing, the school district or the school district's attorney immediately forwards a copy of all

of the student's records to the hearing officer. This gives the hearing officer the opportunity to review all of the child's educational records prior to a hearing. I believe this practice to be inappropriate due to the fact that some of the materials within those records may be objectionable and, in any event, should not be submitted to the hearing officer until admitted as an exhibit at the hearing. Is it appropriate under the IDEA for the school districts to engage in this practice?

My last question is in regard to the continued efforts by certain school districts and school district attorneys to engage in prehearing discovery practices. My question is, is it permissible under the IDEA for a school district to request that a parent answer interrogatories or produce documents prior to the hearing? Oftentimes this becomes quite burdensome both in terms of time and resources.

We would appreciate your response to these inquiries.

### Text of Response

This is in response to your letter in which you ask three questions about the due process requirements of Part B of the Individuals with Disabilities Education Act (Part B), as well as the requirements of the Family Educational Rights and Privacy Act of 1974 (FERPA), which are incorporated by reference into the Part B regulations. The issues raised in your letter are discussed below.

According to your letter, after a due process hearing has been initiated in your State, the school district's attorney notifies the hearing officer that his or her selection is subject to the parent's approval. You assert that this practice has a "chilling effect" on parents' ability to object freely to the selection of a particular hearing officer.

Under Part B, a parent or a public educational agency may initiate an impartial due process hearing on any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to the child. 34 CFR § 300.506(a). The hearing may be conducted by the State educational agency (SEA) or by the public agency directly responsible for the student's education, as determined under State statute, State regulation, or a written policy of the SEA. 34 CFR § 300.506(b). In Wisconsin, the public agency directly responsible for the child's education conducts impartial due process hearings. In carrying out this responsibility, that agency must ensure that the hearing "is not conducted (1) By a person who is an employee of a public agency that is involved in the education or care of the child; or (2) By any person having a personal or professional interest that would conflict with his or her objectivity in the hearing." 34 CFR § 300.507(a). So long as these requirements are met, Part B's requirements for the appointment of an impartial hearing officer have been satisfied. Since there is no requirement in Part B that parents be provided an opportunity to veto the selection of a particular hearing officer, it does not appear that the practice described in your letter would run afoul of the Part B requirements for the selection of hearing officers.

In your second question, you describe the practice of a school district or school district attorney of "immediately forwarding a copy of all the student's records to the hearing officer," which, your letter states, "gives the hearing officer the opportunity to review all of the child's educational records prior to a hearing." You ask whether this practice conflicts with Part B.

The confidentiality of information provisions of Part B and the Family Educational Rights and Privacy Act of 1974 (FERPA) require, with certain limited exceptions, that prior consent of the parent or an eligible student over eighteen years of age be obtained before education records or personally identifiable information in education records can be disclosed to third parties. 34 CFR §§ 300.571 and 99.30. FERPA defines "education records" as those records which contain information directly related to a student and which are maintained by an educational agency or institution or by a party acting for the agency or institution. 34 CFR § 99.3. It does not appear that any

Copyright © 2006 LRP Publications

2

EXHIBIT 1
Page 2 of 4

of the conditions outlined in FERPA under which disclosure of information in education records without prior consent would be allowed are present in your inquiry. See 34 CFR §§ 99.31-99.37.[1]

However, the Department's Family Policy Compliance Office has found that an educational institution may infer a parent's or eligible student's implied waiver of the right to consent to the release of information from the student's education records so that the institution can defend itself in the course of a judicial proceeding brought by the parent against the institution on the student's behalf. Because a due process hearing is a quasi-judicial proceeding, it is our determination that an institution must be allowed to defend itself in due process hearings brought by the parents. Therefore, no prior consent from the parent or eligible student would be required before the student's education records or personally identifiable information from those records is disclosed directly or redisclosed through a school district's attorney to a due process hearing officer.

Similarly, when a school district initiates a judicial or quasi-judicial action, including a due process hearing, the school district does not need the consent of the parents or eligible student to disclose information from the student's education records in the proceeding. The Department has determined that the school district must be able to use the appropriate administrative and judicial procedures available to resolve disputes between school districts and students or parents without having to go to the length of obtaining a judicial order or subpoena that would allow the disclosure of the education records that the school district itself maintains. Before the school district initiates any legal action against a student or parent in which it anticipates that information from the student's education record will be disclosed, it must make reasonable efforts to notify the parent or eligible student of the proposed disclosure with reasonable time for the parent or student to take action to block the disclosure or to prohibit any redisclosure.[2]

Because it is the participation in the due process hearing that allows the school district to disclose to a hearing officer a student's education records without parental consent, the disclosure must occur in the course of the school district's presentation of evidence at the due process hearing. As with any judicial or quasi-judicial proceeding, ex parte communications, i.e., communications with the judicial decisionmaker by one party without the other party receiving notice of the communication or the ability to contest it, are improper. Any ex parte communication with the hearing officer by the school district that includes a disclosure of student education records without the parents' consent would not only raise concerns regarding the integrity of the process and whether the hearing officer is relying on factual matter presented as evidence in the hearing, but would also exceed the limits of the narrow FERPA determination concerning disclosure in judicial proceedings. If the school district intends to present the student's education record or portions of it as evidence in a due process hearing and does not receive the parent's consent, any disclosure to the hearing officer that occurs before the hearing must be in accordance with 34 CFR § 300.508(a)(3),[3] and must contain only those portions of the education record that the school district intends to present as evidence in the hearing.

In your third question, you ask:

Is it permissible under the IDEA for a school district to request that a parent answer interrogatories or produce documents prior to the hearing?

Part B does not contain discovery rules, and there is nothing in Part B that would prohibit or require use of discovery proceedings such as those described in your inquiry. Whether discovery is used in a Part B due process hearing and the nature and extent of discovery methods used are matters left to the discretion of the hearing officer, and could be subject to any relevant State or local rules or procedures.

I hope that the above explanation has been helpful to you. If we can be of further assistance, please let me know.

Copyright © 2006 LRP Publications

Thomas Hehir

Director

Office of Special Education Programs

[1] FERPA does have an exception that allows disclosure of education records in order to comply with a judicial order or lawfully issued subpoena. 34 CFR § 99.31(a)(9)(i). Because an impartial hearing officer in a due process proceeding serves in a quasi-judicial position, the school's disclosure of a student's educational record to the hearing officer, if it were done pursuant to an order issued by that hearing officer, would be allowed under FERPA and Part B. *See also* 34 CFR § 300.571(b). In addition, also because of the Part B hearing officer's impartial quasi-judicial role in a due process proceeding, the hearing officer would not be an "authorized representative" of a State or local educational authority to whom disclosure of education records would be allowed under the FERPA exception at 34 CFR § 99.31(a)(3)(iii)

[2] On March 14, 1996, the Department published a notice of proposed rulemaking that proposed adding this notice requirement to 34 CFR § 99-31(a)(9). *See* 61 Fed. Reg. 10664 (1996).

[3] 34 CFR § 300.508(a)(3) gives a party to a due process hearing the right to prohibit the introduction of any evidence at the hearing that has not been disclosed to that party at least five days before the hearing.

**Regulations Cited**
34 C.F.R. 300.506(a)
34 C.F.R. 300.506(b)
34 C.F.R. 300.507(a)
34 C.F.R. 300.571
34 C.F.R. 99.30
34 C.F.R. 99.3
34 C.F.R. 99.31-99.37
34 C.F.R. 300.508(a)(3)
34 C.F.R. 99.31(a)(3)(iii)
34 C.F.R. 300.571(b)
34 C.F.R. 99.31(a)(9)(i)
34 C.F.R. 99.31(a)(9)
--

Copyright © 2006 LRP Publications