**31 IDELR 198**
31 LRP 5966

## Encinitas Union School District
## California State Educational Agency
SN 766-99
**October 7, 1999**

### Related Index Numbers

160.005 Due Process Hearings, Abatement/Adjournment/Delay

160.025 Due Process Hearings, In General

160.010 Due Process Hearings, Evidentiary Considerations

160.008 Due Process Hearings, Discovery

160.050 Due Process Hearings, Subpoenas

160.045 Due Process Hearings, Scope of Hearing Officer's Authority

### Judge / Administrative Officer
Mary L. Cote, Hearing Officer

### Case Summary

The district failed to show that its witnesses, with the exception of one, were unavailable and it was therefore not entitled to a continuance of the hearing. The district had three months to obtain the availability of its witnesses. The unavailability of one witness did not constitute good cause for a continuance.

The parent of a student with autism and Landau-Kleffner syndrome requested due process claiming that the district failed to provide FAPE and should reimburse her for the cost of the student's program at an autism center. The district subsequently filed for due process and sought to assess the student. It also requested that the hearing office consolidate the cases, bifurcate the issues, hear the assessment issues first, and grant it a continuance due to the unavailability of essential witnesses. In addition, the district requested eight subpoenas duces tecum and admission of counsel pro hac vice.

*HELD*: for the parents, in part; for the district, in part.

The hearing officer denied the request for consolidation of the cases since they did not involve similar questions of law or fact, thus also rendering the request for bifurcation of issues claim moot. As the district only wanted updated information on the student, there was no reason for its case to proceed first. Because the district failed to show that its witnesses, with the exception of one witness, were unavailable and it had three months to obtain the availability of its witnesses, that request was denied.

The hearing officer noted that there was no provision for discovery in special education law. However, some of the information requested by the district in its SDTs was relevant to the needs of the student and, therefore, to the issue of FAPE. Because the district could not obtain the information by any other means, the requests for SDTs were granted to the extent that they were relevant to determining FAPE.

Finally, the hearing officer denied the request to admit counsel pro hac vice on the ground that she had no authority to do so. She noted that the IDEA did allow for the advice of counsel or individuals with special knowledge or training in special education.

### Full Text
### Appearances:

### Order Regarding Respondent's Motion for Continuance, Request for Subpoenas Duces Tecum, and Request for Admission of Counsel Pro Hac Vice

### Order Regarding Petitioner's Motion for Consolidation and Bifurication of Issues

On May 24, 1999, the California Special Education Hearing Office (Hearing Office) received a request for due process hearing from attorney Shelli Lewis on behalf of Student (Petitioner). This request was assigned case number SN 766-99. Petitioner contends that Encinitas Union School District (District) did not offer him a free appropriate public education (FAPE) for the 1998-1999/1999-2000 school years and that the District should reimburse

Copyright © 2006 LRP Publications                                      1


EXHIBIT K
Page 1 of 6

may make alternative arrangements to obtain her testimony at a later date.

Lastly, the District contends that all staff from California Avenue School who would take part in Student's program will be unavailable because the school is "off track" at the time of the hearing. The fact that a school is not in session does not establish witness unavailability. Additionally, the District has not identified which "staff" would need to testify, nor has the District provided any specific evidence as to the unavailability of those witnesses.

In addition, the hearing dates currently scheduled are dates that were agreed to by the parties in July 1999. The District has had over three months to secure its witnesses. Accordingly, based on the foregoing, the Hearing Officer finds that the District has not asserted good cause for a continuance. Therefore, the case will proceed as scheduled on October 12-15, 1999.

## Request for Eight Subpoenas Duces Tecum in Case Number SN 766-99

A hearing officer may issue an SDT upon a showing of reasonable necessity by a party. Title 5, Cal. Code Regs. § 3082(c)(2). The regulations do not define the phrase "reasonable necessity," but the Hearing Office has traditionally construed "reasonable necessity" to require that the requesting party show that it cannot obtain the records by some other means. The hearing officer also looks to civil law for guidance in this area. The California Code of Civil Procedure provides that the requesting party must show that the records sought are material to the issues involved in the case. Cal. Civ. Proc. § 1985(b). In light of these standards, the Hearing Office has generally undertaken a case-by-case review of the facts of the case and the issues presented for hearing to determine (1) whether the requesting party has made an unsuccessful informal request for the records sought, and (2) whether the records are relevant and material to the issues presented for hearing.

The District has requested the issuance of eight SDTs to (1) N. Jennifer Oke, Ph.D., a licensed psychologist who provides intervention services to Petitioner; (2) Penny Cohen M.A., C.C.C., who provides speech therapy to Petitioner; (3) Ben J. Spiegel, M..D., the Petitioner's pediatrician; (4) Doris Trauner, M.D., Petitioner's pediatric neurologist; (5) Rayborn R. Skoglund, M.D., Petitioner's pediatric neurologist; (6) Jodi Schuller, who provides speech therapy to Petitioner; (7) Center for Autism and Related Disorders, Inc. ("Card"); and (8) Options, which provides occupational therapy to Petitioner. The District contends that "even though the Petitioner has not requested reimbursement for services rendered by Options, Dr. Oke, Ms. Cohen and Ms. Schuller, this is a potential issue that the Petitioner may raise 10 days before the actual due process hearing."

The District has requested that SDTs be issued to Dr. Oke to produce the following:

1. Any and all records relating to any and all formal and informal assessments Dr. Oke performed on Petitioner, including, but not limited to, pre-testing reports, test protocols, post-testing reports and audiotapes, and videotapes of said assessments.

2. Any and all records, journals, notes, observation notes, clinical notes, logs, videotapes, audiotapes, diaries, portfolio, reports, memoranda or other documents which relate to, refer to, discuss, or record the Petitioner's performance during the time Dr. Oke provided individual and/or clinical services to the Petitioner.

3. Any and all records, reports, lesson plans, brochures, articles, curriculum, videotapes, attendance notes, data books, logs, audiotapes, activities, clinic notes or other documents which reference, relate to, describe or discuss the services in [sic] which Dr. Oke provided to the Petitioner.

4. All bills, invoices, attendance records, calendars, statements, or other documents which evidence, refer to or discuss any and all fees, costs and expenses charged by Dr. Oke for the services provided to the Petitioner.

5. Any and all documents including applications

Copyright © 2006 LRP Publications                3


EXHIBIT K
Page 3 of 4

which refer to, discuss or relate to Dr. Oke's status and/or certification as a non-public agency.

6. Any and all documents which specify the names of the individuals, including their credentials and certifications, that provided services to the Petitioner.

7. Any and all documents which specify the business addresses and telephone numbers for Penny Cohen and Jodi Schuller.

The request for documents from Options, Ms. Cohen and Ms. Schuller is identical to that listed above, with the exception that item 7 is unique to Ms. Oke.

The only issues identified in Petitioner's due process request include provision of a FAPE and reimbursement for CARD services.[2] The District's request that SDTs be issued to Options, Dr. Oke, Ms. Cohen and Ms. Schuller is in the nature of discovery and therefore is too broad.[3] However, Options, Ms. Oke, Ms. Cohen, and Ms. Schuller have provided services to Petitioner and, therefore, have information related to his needs. Since the issue of FAPE involves Petitioner's needs, the information possessed by Options, Ms. Oke, Ms. Cohen and Ms. Schuller is relevant to the due process hearing. Additionally, the District has established that it has been unable to obtain the requested documents voluntarily. Because the issue of reimbursement for services provided by Options, Ms. Oke, Ms. Cohen and Ms. Schuller, has not been raised, at this time, the District has not established the necessity for SDTs for billing information from these. Accordingly, the District's request for SDTs addressed to Options, Ms. Oke, Ms. Cohen and Ms. Schuller is granted, but limited to the documents requested in items 1 through 3, listed above.

As to the request that SDTs be issued to Student's three pediatricians (Dr. Spiegel, Dr. Trauner, and Dr. Skoglund), the District has shown that it requested Petitioner's parents to provide a release in order to obtain these records. In a letter dated September 1, 1999, through their attorney, Petitioner's parents revoked all prior authorizations that had been provided and refused to provide further consent for release of information. Since the medical diagnosis of Student has been disputed, the records from his pediatricians are relevant to the issues for hearing. Therefore, the District's request that SDTs be issued to Dr. Speigel, Dr. Trauner and Dr. Skoglund is granted. The SDTs will be limited to information relating to the Petitioner's diagnosis of Autism and/or Landau-Kleffner syndrome and information related to Petitioner's educational program.

Lastly, the District has requested that an SDT be issued to CARD for the following:

1. Any and all records relating to any and all formal and informal assessments CARD, or independent contractors employed by CARD, performed on the Petitioner, including, but not limited to, pre-testing reports, test protocols, post-testing reports and audiotapes, and videotapes of said assessments.

2. Any and all records, journals, notes, observation notes, clinical notes, logs, videotapes, audiotapes, diaries, portfolio, reports, memorandum or other documents which relate to, refer to, discuss, or record the Petitioner's performance during the time CARD provided individual and/or clinical services to the Petitioner.

3. Any and all records, reports, including quarterly reports, lesson plans, brochures, articles, logs, curriculum, videotapes, attendance notes, data books, audiotapes, activities, clinic notes or other documents which reference, relate to, describe or discuss the services in which CARD provided to the Petitioner.

4. All bills, invoices, attendance records, calendars, statements or other documents which evidence, refer to or discuss any and all fees, costs and expenses charged by CARD for the services provided to the Petitioner.

5. Any and all documents including applications, which refer to, discuss or relate to CARD's status and/or certification as a non-public agency.

Copyright © 2006 LRP Publications                                    4

EXHIBIT K
Page 4 of 4

6. Any and all documents which specify the names of the individuals, including their credentials and certifications, that provided services to the Petitioner.

7. Any and all documents, including but not limited to brochures, reports, pamphlets, and memorandums, which relate to CARD's policies, training materials, lesson plans and curriculum for autistic children and children with Landau-Kleffner.

8. Any and all documents, including but not limited to, Dr. Doreen Granpeesheh's calendar, clinic notes, reports, audiotapes, videotapes, progress notes, logs and curriculum developed for the Petitioner which relates to the services Dr. Granpeesheh directly provided to the Petitioner or for which she supervised the Petitioner.

9. Any and all documents, including, but not limited to, reports, articles, brochures, pamphlets and charts which specify CARD's discrete trial lessons.

Since the only issues identified in Petitioner's due process request are provision of a FAPE and reimbursement for CARD services, the District's request for issuance of an SDT to CARD is also in the nature of discovery and therefore too broad. However, the District has established that the some of the information requested above is relevant to issues for hearing and cannot be obtained by any other means. Therefore, the Hearing Officer grants the District's request for an SDT to CARD for the information requested in items 1 through 4 and 8 (listed above). As to item 6 (listed above), the Hearing Officer grants the District's request for an SDT to the extent that the requested information is already in existence. Lastly, with regard to items 5, 7 and 9 (listed above), there is no need for the District to obtain an SDT for this information. The information requested in items 5, 7, and 9 does not specifically pertain to Petitioner and should be generally available. Therefore, the District's request for an SDT is denied as to items 5, 7 and 9.

### Request for Admission of Counsel Pro Hac Vice

The District has requested that Ms. Sullivan, an attorney licensed to practice in the states of Georgia and Pennsylvania, be permitted to practice in this proceeding on behalf of the District. However, federal and State special education law provide that any party to a hearing has "the right to be accompanied and advised by counsel and by individuals with special knowledge or training relating to the problems of children and youth with disabilities." 20 U.S.C. § 1415(h)(1); Cal. Educ. Code § 56505(e). While application for pro hac vice may be made before a court, there is no similar provision for special education due process administrative proceedings. Since there is no requirement that the person representing a party at such a hearing be an attorney and since, in any case, the Hearing Office has no authority to grant such a motion, the District's motion for Ms. Sullivan to appear as counsel pro hac vice is denied.

### Motion to Consolidate Case Numbers SN 766-99 and SN 1532-99 and Motion to Bifurcate Issues in Case Number SN 1532-99

Neither federal nor State special education law addresses the issue of consolidation of due process hearings. Therefore, the hearing officer looks to the area of civil law for guidance in this case. California Code of Civil Procedure § 1048(a) states that civil matters may be consolidated at the discretion of the trial judge when the matters present common questions of law or fact.

Here, the two cases do not involve common questions of law or fact. The Student's case (SN 766-99) involves issues surrounding provision of a FAPE and issues of reimbursement for CARD services. The District's case (SN 1532-99) involves solely the District's right to obtain updated information by re-assessing Student. These are two entirely separate cases that, while involving some common facts, do not have common issues and, therefore, require separate hearings. Accordingly, the District's motion for consolidation of case numbers SN 766-99 and SN 1532-99 is denied.

Copyright © 2006 LRP Publications

Since the District's motion to consolidate cases has been denied, the issue of bifurcation is moot. Each case shall proceed independently. Moreover, since the District only seeks to obtain updated information regarding Student, it is unnecessary that its case proceed first.

Unless the parties agree otherwise, the Student's case is currently scheduled for hearing on October 12-15, 1999, and the District's case is scheduled for hearing on October 21 and 22, 1999.

### Order

1. The District's motion to continue case number SN 766-99 is denied. The case will proceed as scheduled on October 12, 13, 14, and 15, 1999.

2. The District's request for eight subpoenas duces tecum is granted in part and denied in part. Subpoenas duces tecum will be issued to

    a. Options, Ms. Oke, Ms. Cohen and Ms. Schuller limited to items 1 through 3 (listed above) in the District's request for documents;

    b. Dr. Speigel, Dr. Trauner and Dr. Skoglund limited to information relating to the Petitioner's diagnosis of Autism and/or Landau-Kleffner syndrome and information related to Petitioner's educational program;

    c. CARD limited to items 1 though 4 and 8 as listed above;

    d. CARD for item 6 (listed above) limited to any and all documents which specify the names of the individuals, including their credentials and certifications, that provided services to Petitioner, to the extent that such lists are already in existence.

3. The District's request for admission of counsel pro hac vice is denied.

4. The District's motion to consolidate case numbers SN 766-99 and 1532-99 is denied.

5. The District's motion to bifurcate and have heard first the issues in case number 1532-99 is denied as moot.

[1] Additional responses were received from the parties after the deadline for responses had passed. These responses were reviewed by the Hearing Officer and did not affect the outcome of this order.

[2] At the time of this order, Petitioner's only statement of issues is contained in his original request for hearing. The Petitioner has not submitted his subsequent statement of issues.

[3] As the parties are aware, there is no provision for discovery in special education law and a special education SDT requires only that the documents be provided on the first day of hearings.

**Statutes Cited**
20 U.S.C. 1415(h)(1)
--

Copyright © 2006 LRP Publications