31 IDELR 1
31 LRP 5720

### Olivia Burks, et al., Plaintiffs v The Bogalusa City School Board, et al., Defendants

U.S. District Court, Eastern District of Louisiana

98-1333

**August 17, 1999**

### Related Index Numbers

370.040 Practice and Procedure, Evidence

370.035 Practice and Procedure, Discovery

370.055 Practice and Procedure, Judicial Review

15.030 Appeals to Court, Parties Entitled to Appeal

370.065 Practice and Procedure, Mootness

15.020 Appeals to Court, Matters Subject to Review

220.020 Graduation, In General

265.020 Individualized Education Program (IEP), In General

### Judge / Administrative Officer

Edith Brown Clement, U.S. District Judge

Related decisions reported at 30 IDELR 877, 30 IDELR 377 and 29 IDELR 956

### Case Summary

The District Court, following consistent rulings in the 1st, 7th, 8th and 9th Circuits, allowed the parents to introduce some additional evidence in its discretion. The parents urged introduction of the depositions of the state level review panel, a 1998 IEP, a 1998 re-evaluation of the student, and an independent evaluation and conflicting testimony of defendant employees from other due process hearings. The Court denied the deposition requests as inappropriate and unnecessary, especially in light of its "virtually de novo" review of state administrative proceedings. The 1998 IEP was allowed as possibly helpful in evaluating the prior year's IEP. The Court denied the parents' request for introduction of a new, independent evaluation on grounds it would make the IDEA process more time consuming and could have been performed during the administrative review process. The proposed conflicting testimony evidence was rejected on grounds it would lead to unnecessary confusion.

The 19-year-old student was qualified to receive services under the IDEA based on a visual impairment. In a May 1997 meeting with parental participation, the school prepared an IEP. Later that year, a due process hearing officer ordered the school to convene another IEP meeting to modify, revise and/or amend the IEP consistent with certain recommendations. A state level review panel ruled that the hearing officer erred in his decision, finding that some issues were outside the scope of the May 1997 meeting. The hearing officer ordered that a new IEP be performed in compliance with the IDEA. The parents then filed the present action in U.S. District Court. The parents filed a motion to introduce evidence pursuant to 20 U.S.C. §1415(e)(2), but failed to identify or offer any reason for introducing the evidence. The District Court denied the motion for failure to identify and provide a reason for offering any additional evidence. While the parents' motion for reconsideration was pending, the parties deposed the hearing officer. The Court ordered the parties to submit new motions and memoranda based on the deposition, and to address the state defendants' argument that the case was moot because the 1997 IEP was superseded by a 1998 IEP and the student's completion of high school (30 IDELR 877). In 1998, the student received a certificate of achievement.

*HELD*: for the parents, in part.

The Court refused to dismiss the action as moot, concluding that the parties had a reasonable expectation of maintaining the controversy every year that the student was eligible for public education. The passage of two years since the 1997 IEP, under controlling 5th Circuit law, also did not render the action moot. Moreover, the action was one where dismissal would allow the action to evade judicial review. The issue of what additional evidence to

Copyright © 2006 LRP Publications                                                   1

EXHIBIT A
Page 1 of 6

admit in an IDEA proceeding, noting consistent rulings from the 1st, 7th, 8th and 9th Circuits, should be left to the discretion of the trial court. The parents' brief urged introduction of additional evidence, including the depositions of the state level review panel, the 1998 IEP, a 1998 re-evaluation of the student, and independent evaluation and conflicting testimony of defendant employees from other due process hearings. The Court denied the deposition requests as inappropriate and unnecessary, especially in light of its "virtually de novo" review of state administrative proceedings. The Court allowed introduction of the 1998 IEP as it could prove helpful in evaluating the prior year's IEP. The Court denied the parents' request for introduction of a new, independent evaluation on grounds it would make the IDEA process more time consuming and could have been performed during the administrative review process. Finally, the Court rejected the proposed conflicting testimony evidence on grounds it would lead to unnecessary confusion.

**Full Text**
**Appearances:**

Counsel for Olivia Burks, Melvin Barber, Edith Barber: Kern Anthony Reese, Kern A. Reese, Attorney at Law, New Orleans, LA; Doyle Paul Spell, Jr., Anne Arata Spell, Spell & Spell, Franklinton, LA.

Counsel for Melvin Barber, Edith Barber: Charles Nathan Branton, Charles N. Branton, Attorney at Law, Slidell, LA.

Counsel for The Bogalusa City Sch. Bd: B. Ralph Bailey, Frederick Nolting Dwyer, Bailey & Dwyer, Mandeville, LA; Scott Owen Gaspard, Burglass & Associates, LLC, Metairie, LA.

Counsel for Louisiana State Board of Elementary and Secondary Education, Louisiana Depart, of Ed., State of Louisiana: Charles Kirk Reasonover, Lamothe & Hamilton, New Orleans, LA.

### Opinion: Order And Reasons

Before the Court is a Motion to Introduce Additional Evidence by Plaintiffs Melvin and Edith Barber, Individually and on behalf of their child, Erika Barber.[1] For the following reasons, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART.

### A. Background

Erika Barber ("Barber") was a student at Bogalusa High School. Because of a visual impairment, she is a qualified individual under the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1400, et seq. At a meeting on May 19, 1997, school personnel with parental participation formulated an individualized educational program ("IEP") for Barber. After a hearing on October 7, 1997, an Independent Hearing Officer ("IHO") ordered the Bogalusa School System to convene an IEP meeting and modify, revise, and/or amend the IEP consistent with certain recommendations. By decision dated January 14, 1998, the State Level Review Panel found that the IHO's decision was incorrect, noted that some of the issues addressed by the IHO were outside the scope of the May 19, 1997 meeting, and ordered that a new IEP be performed in compliance with the IDEA. On May 13, 1998, Plaintiffs Melvin and Edith Barber, individually and on behalf of their child, Barber, filed this action against the Bogalusa City School Board ("Bogalusa School Board"), the Louisiana State Board of Elementary and Secondary Education, the Louisiana Department of Education, and the State of Louisiana (the "State Defendants") pursuant to the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1415(e) (among other statutes).

On March 23, 1999, Plaintiffs filed a motion to introduce evidence pursuant to 20 U.S.C. § 1415(e)(2). Plaintiffs did not identify the evidence to be introduced. Nor did they offer any reason for introducing the evidence. Instead, Plaintiffs relied on the literal terms of Section 1415(e)(2) and moved in conclusory fashion "to introduce any additional evidence in support of their claims." By order and reasons dated April 19, 1999, the Court denied Plaintiffs' motion for failure to identify the desired

EXHIBIT A
Page 2 of 6

additional evidence and the reason for introducing it.

On June 28, 1999, Plaintiffs filed a motion for reconsideration of the Court's April 19, 1999 order and reasons. In an opposition memorandum, the State Defendants argued that this case is moot because of Barber's completion of high school. By order and reasons entered on July 16, 1999, the Court ordered the parties to brief whether this case is moot. Furthermore, the Court noted that the parties deposed the IHO on June 30, 1999 and ordered the parties to submit new motions and memoranda in light of the IHO's deposition.

### B. Mootness

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings. . . . " Id. Ordinarily, an action that becomes moot must be dismissed for lack of subject matter jurisdiction. Id., 494 U.S. at 482, 110 S.Ct. at 1256. In the context of an IDEA claim, an exception to the mootness doctrine exists if the conduct complained of is "capable of repetition, yet evading review." See *Hudson v. Bloomfield Hills Public Schools*, 108 F.3d 112, 113 (7th Cir. 1997) (citations omitted); *Lee v. Biloxi School District*, 963 F.2d 837, 838-39 (5th Cir. 1992) (citations omitted).

In reviewing a handicapped student's IEP, the Fifth Circuit addressed the mootness doctrine at length in *Daniel, R.R. v. State Bd. of Educ.*, 874 F.2d 1036, 1040 (5th Cir. 1989). There, Plaintiff Daniel R.R. ("Daniel") was a six year old boy formerly enrolled in the El Paso Independent School District. Id. at 1039. After the school district refused to mainline Daniel, his parents filed suit under 20 U.S.C. § 1415(e) challenging Daniel's IEP for the 1986-87 school year. Id. at 1039-40. The Fifth Circuit found that "the parties have a reasonable expectation of confronting this controversy every year that Daniel is eligible for public education." Id. at 1041. Neither the expiration of the 1986-87 IEP, nor Daniel's development over the previous two years of litigation, nor the formulation of a new IEP for the 1988-89 school year, nor Daniel's removal from the public school system affected the Fifth Circuit's decision. Id. Emphasizing Daniel's "continued eligibility for public educational services" as a Texas citizen, the Fifth Circuit concluded that the mainlining controversy remained capable of repetition. Id.

Defendants argue that the instant controversy is moot because, first, the 1997 IEP at issue was superseded by a 1998 IEP and, second, Barber accepted a Certificate of Achievement in May, 1999. While acknowledging that Barber accepted a Certificate of Achievement, Plaintiffs contend that Barber did so in order to "escape the system which has so abused her." Citing the 1998 IEP, Plaintiffs emphasize that Barber is currently functioning between a second and fourth grade level in the areas of math, reading, written language, and vocabulary according to teacher-made tests and observations. Plaintiffs note that the 1998 IEP originally indicated Barber's "anticipated exit year" to be 2001; however, this date is scratched out and replaced with the year 1999. Plaintiffs argue that a reasonable expectation exists that Barber will need compensatory education, such as pre-GED and GED classes offered by Bogalusa School Board and pre-GED and GED classes, vocational skills training, and literacy classes offered by State Defendants.

This Court finds that the parties have a reasonable expectation of confronting this controversy every year that Barber is eligible for public education. Currently, Barber is nineteen years old. The IDEA requires Defendants to provide "a free appropriate public education . . . for all children with disabilities between the ages of three and twenty-one within the State not later than September 1, 1980." 20 U.S.C. § 1412(2)(B); 34 C.F.R. § 300.300(a). Barber as a Louisiana citizen remains eligible for educational services and has even expressed an interest in compensatory education. Just as the Fifth Circuit in *Daniel R.R.* was not swayed by the passage of two

years since the formulation of the IEP at issue, the subsequent formulation of a new IEP, and the removal of Daniel from the public school system, this Court is not swayed by the passage of two years since the formulation of Barber's 1997 IEP, the subsequent formulation of Barber's 1998 IEP, and the removal of Barber from the public school system by acceptance of a Certificate of Achievement prior to fulfillment of her IEP's objectives. Ponderous administrative and judicial review have outlived Barber's 1997 IEP, allowing it to evade review. See *Daniel R.R.*, 874 F.2d at 1041. This Court will not dismiss this action as moot.

### C. Additional Evidence

In pertinent part, the IDEA provides that "the court shall receive the records of the [state] administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(e)(2). The Fifth Circuit has determined that the district court's review of state administrative proceedings is "virtually de novo."*Cypress-Fairbank I.S.D. v. Michael F.*, 118 F.3d 245, 252 (5th Cir. 1997); *Teague Independent School Dist. v. Todd L.*, 999 F.2d 127, 130-31 (5th Cir. 1993). A district court may consider "new evidence, even evidence of matters that have occurred since the administrative hearing under review."*Cypress-Fairbanks*, 118 F.3d at 252. The district court must nonetheless give "due weight" to the administrative decision and must resist any impulse to "substitute [its] own notions of sound educational policy for those of the school authorities."*Board of Educ., Etc. v. Rowley*, 458 U.S. 176, 207, 102 S.Ct. 3034, 3051 (1982).

Although the IDEA directs that the Court "shall hear additional evidence at the request of a party," 20 U.S.C. § 1415(e)(2), this Court is not required to allow all evidence proffered by a plaintiff. The phrase "additional evidence" means supplemental evidence. *Town of Burlington v. Dept. of Educ., Com. of Mass.*, 736 F.2d 773, 790 (1st Cir. 1984). "A lax interpretation of 'additional evidence' would 'reduce the proceedings before the state agency to a mere dress rehearsal by allowing appellants to transform the [IDEA's] judicial review mechanism into an unrestricted trial de novo.'"*Springer v. Fairfax County School Board*, 134 F.3d 659, 667 (4th Cir. 1998). An overly lax interpretation of "additional evidence" might also deprive this Court of its traditional authority to exclude evidence under the Federal Rules of Evidence. See *Susan N. v. Wilson School Dist.*, 70 F.3d 751, 760 (3rd Cir. 1995). As a result, it is "regularly held that the question of what additional evidence to admit in an IDEA proceeding . . . should be left to the discretion of the trial court." Id. Accord *E.S. v. Independent School Dist.*, No. 196, 135 F.3d 566, 569 (8th Cir. 1998); *Springer*, 134 F.3d at 666-67; *Monticello School Dist. No. 25 v. George L.*, 102 F.3d 895, 901-02 (7th Cir. 1996); *Ojai Unified School Dist. v. Jackson*, 4 F.3d 1467, 1472-73 (9th Cir. 1993); *Roland M. v. Concord School Committee*, 910 F.2d 983, 997 (1st Cir. 1990); *Burlington*, 736 F.2d at 791.

In the instant case, Plaintiffs request introduction of the following evidence as "additional evidence" under 20 U.S.C. § 1415(e)(2): (1) depositions and testimony of State Level Review Panel ("SLRP") Members, (2) Barber's 1998 IEP, (3) a 1998 reevaluation of Barber by defendants, (3) an independent evaluation of Barber, and (4) conflicting testimony of defendant employees from other due process hearings. The Court will discuss in turn whether it will allow introduction of each of these categories of evidence.

First, Plaintiffs seek introduction of depositions and testimony of SLRP members. Plaintiffs "wish to depose the members of the SLRP to determine whether or not they reviewed the entire school record of [Barber], if anything, before making their determination." Plaintiffs' argument is that the SLRP violated Barber's right to due process by failing to review the entire record. Defendants object to such depositions. The State Defendants contend that Plaintiffs fail to discuss "the privileges and

immunities applicable to judicial ruling, the nature of the testimony sought, or the relevance of the information to the issues of the case." Valid reasons for supplementation of the record include "an improper exclusion of evidence by the administrative agency."*Burlington,* 736 F.2d at 790. Nonetheless, this Court concludes that deposing the SLRP members would be both inappropriate and unnecessary, especially considering the fact that this Court's review of state administrative proceedings is "virtually de novo." This Court has already permitted the unusual measure of a deposition of the IHO, in which the IHO purportedly identified the documents which should have been part of the administrative record. Those documents were attached to the IHO's deposition, and the State Defendants represent that they will present the IHO's deposition and attachments for filing into the record. Moreover, a plain reading of the SLRP's decision reflects its consideration of the record and its familiarity with the testimony before the IHO, plus its observance of a void in the record of any history prior to 1991. This Court will not permit Plaintiffs to depose the SLRP members.

Second, Plaintiffs move to introduce Barber's 1998 IEP. Plaintiffs represent that this IEP is "necessary to determine whether [Barber] has received any educational benefit from the services provided by the defendants." The State Defendants object to introduction of this IEP because "there is no reference to specific evidence contained in the evaluation or what issue in the case is involved." The SLRP in the 1997 IEP at issue expressly ordered the creation of a new IEP addressing (1) the strength of Barber, (2) concerns of the parent, (3) an evaluation report, preferably a new evaluation instead of the 1995 evaluation, (4) instructions in Braille for students who are blind or visually impaired, and (5) assistive technology device/services needed. Because the SLRP specifically intended the 1998 IEP to correct any deficiencies in the 1997 IEP, the Court finds that review of the 1998 IEP may prove helpful in evaluating the 1997 IEP. The Court will permit Plaintiffs to introduce the 1998 IEP.

Third, Plaintiffs move for introduction of a 1998 reevaluation of Barber by Defendants. More specifically, Plaintiffs state that they "have never been provided with a copy of the subsequent reevaluation of [Barber]. In fact, Plaintiffs believe that no reevaluation was ever performed. However, if a subsequent reevaluation by defendants was performed, then Plaintiffs request that the reevaluation be introduced as additional evidence." Presumably, this reevaluation is the one ordered by the SLRP in the 1997 IEP. Plaintiffs argue that the reevaluation would aid in determining whether Barber has benefited from Defendants' educational programs and what, if any, compensatory educational services are appropriate. Additional evidence under 20 U.S.C. § 1415(e)(2) may include "evidence concerning relevant events occurring subsequent to the administrative hearing."*Burlington,* 736 F.2d at 790. The 1998 reevaluation of Barber, if it exists, was formulated closer in time to the 1997 IEP than the 1995 reevaluation relied on in creating the 1997 IEP. In fact, Plaintiffs contend that the 1995 reevaluation was largely copied from the 1991 evaluation of Barber, and that the 1995 evaluation is actually dated August 25, 1994 and was merely disseminated on March 9, 1995. This Court will permit Plaintiffs to introduce the 1998 reevaluation, if it exists.

Fourth, Plaintiffs move to introduce a new, independent evaluation of Barber to determine Barber's needs "in the area of orientation and mobility skills training, the use of methods or devices designed to aid persons with visual difficulties, instruction modifications, prevocational and vocational training, and self-help skills." The State Defendants characterize this request as an attempt to litigate a new 1999 Education Plan based on Barber's present condition, rather than the validity of the Educational Plan prepared over two years ago. While the Court has discretion to introduce new expert testimony for the purpose of bringing the Court up to date on the child's progress from the time of the hearing to the trial, see *Burlington,* 736 F.2d at 791, a lenient

Copyright © 2006 LRP Publications                                                                 5

EXHIBIT 4
Page 5 of 6

standard for the introduction of such evidence "would have the consequence of making the whole IDEA process more time consuming, as parties scrambled to use the federal court to patch up holes in their administrative case."*Springer*, 134 F.3d at 667. Where Plaintiffs do not contend that testimony (or by extension an evaluation) by an independent expert was unavailable during the administrative review process, the district court may properly exclude such evidence. See id. This Court will not permit introduction of a new, independent evaluation of Barber.

Lastly, Plaintiffs move to introduce "conflicting testimony of defendant employees from other due process hearings." The testimony in question occurred during an administrative hearing on Travis Pace ("Pace"), another handicapped student at Bogalusa High School. Plaintiffs contend that the testimony during the hearing on Pace conflicts with testimony during the hearing on Barber concerning the "duties and responsibilities [of the Bogalusa School Board] to the students and under the IDEA." The State Defendants maintain that "plaintiffs' argument is entirely conclusory, and fails to identify the employees, the testimony involved, or the relationship of the testimony to the issues involved." By order and reasons entered on February 4, 1999, this Court severed the claims of Pace precisely because inclusion of these claims would lead to confusion. It would make little sense for the Court to now introduce wholesale three days of testimony from the Pace hearing. The Court denies Plaintiffs' motion to introduce such testimony. For the reasons set forth above,

IT IS ORDERED that Plaintiffs' Motion to Introduce Additional Evidence is GRANTED IN PART and DENIED IN PART. Plaintiffs may introduce Barber's 1998 IEP and the 1998 reevaluation of Barber, if such reevaluation exists. Plaintiffs may not introduce depositions and testimony by SLRP members, a new, independent evaluation of Barber, and conflicting testimony of defendant employees from Pace's due process hearing.

[1] By separate minute entry, this Court granted (1) Plaintiffs' motion to withdraw the previously filed motion to reconsider the Court's order of April 19, 1999 and (2) Plaintiffs' motion to withdraw the previously filed motion for Rule 11 sanctions.

**Statutes Cited**
20 U.S.C. 1415(e)
20 U.S.C. 1412(2)(B)
20 U.S.C. 1415(e)(2)

**Regulations Cited**
Fed.R.Civ.P. 11
34 C.F.R. 300.300(a)

Copyright © 2006 LRP Publications                     6

EXHIBIT A
Page 6 of 6