**31 IDELR 120**
31 LRP 5944

# Epsom School District
## New Hampshire State Educational Agency
99-035
September 16, 1999

**Related Index Numbers**

370.035 Practice and Procedure, Discovery

535. WAIVER

160.008 Due Process Hearings, Discovery

160.045 Due Process Hearings, Scope of Hearing Officer's Authority

370.070 Practice and Procedure, Motions to Dismiss

**Judge / Administrative Officer**

Jeanne M. Kincaid, Hearing Officer

**Case Summary**

A due process hearing officer dismissed the parents' request for a hearing, without prejudice, after they failed to abide by a discovery order that required them to execute releases and provide them to the district by a certain date. The parents had objected on grounds that discovery was not permissible in due process hearings, other than the exchange of evidence 5 days before the hearing, and that such information was privileged. An amended discovery order was issued requiring the parents to give their written consent for the release of records to specified persons and agencies, on grounds the district required access to the records in order for the district to properly prepare its defense. The records were "absolutely germane" to the issues in the case, and the ruling was grounded in the concept of fundamental fairness. By requesting a hearing on the very issues they deemed privileged, the parents waived any privilege that the information was privileged. A prehearing conference order would adequately protect the parents' and child's right to privacy by ruling on the admissibility of any disputed records prior to the hearing.

The district requested that the parents of a student execute forms authorizing various agencies to release records on the student to the district's counsel in preparation for a pending due process hearing. The parents objected on grounds that discovery was not permissible in due process hearings, other than the exchange of evidence 5 days before the hearing, and that such information was privileged.

The hearing request was sparked by the district's alleged failure to timely evaluate and identify the student for special education services, and to code him as seriously emotionally disturbed in place of, or in addition to, other health impaired. They sought, in addition to other relief, compensatory education.

*HELD*: for the district.

The hearing officer issued an amended discovery order mandating the parents to give their written consent for the release of records to specified persons and agencies. She concluded that the district required access to the records from professionals and their affiliated agencies in order for the district to properly prepare its defense to the parents' contentions. The hearing officer highlighted that the records were "absolutely germane" to the issues in the case, and that her ruling was grounded in the concept of fundamental fairness.

The hearing officer rejected the argument that the information was privileged. By requesting a hearing on the very issues they deemed privileged, the parents waived any such privilege. She also issued a prehearing conference order that she believed would adequately protect the parents' and child's right to privacy. She agreed to rule on the admissibility of any disputed records prior to the hearing.

The order specified that the failure to sign the releases by a specified date would result in an order dismissing the due process hearing. After the parents refused to sign the forms by the ordered date, the hearing officer dismissed the case without prejudice. In her order of dismissal, she stated that the parents were not barred from filing a new hearing request on the same issues, so long as they agreed to sign all of

Copyright © 2006 LRP Publications                                    1

EXHIBIT J
Page 1 of 3

the releases previously ordered. Further, any relief the parents could have been awarded would cease during the time they refused to cooperate with the discovery order, and any future claims for relief premised on matters that would have been discoverable would be limited accordingly.

## Full Text
## Appearances:

### Amended Discovery Order

Epsom School District (District) has requested that the parents of Brandon A. sign forms authorizing a variety of outside agencies to release records on Brandon to the District's counsel in preparation for a pending due process hearing. The parents object to any such release claiming that discovery is not permissible in due process hearings, other than the exchange of evidence five days before hearing and that such information is privileged. The due process hearing is set to begin on October 11, 1999.

The parents claim that the District failed to timely evaluate and identify Brandon for special education services. They also contend that the District failed to properly code him seriously emotionally disturbed, as opposed to or in addition to the code of other health impaired. Accordingly, among other things, they are seeking compensatory services for the period of time in which Brandon did not receive services from the District, due to these alleged failures.

I concur with the District that, in order for it to properly mount a defense to these allegations, it needs to have access to records bearing on the issues before me. Brandon has been evaluated by a variety or professionals and has received treatment in a number of facilities. Records from professionals and their affiliated agencies contain evidence that may be relevant to the issues upon which the parents request relief.

I concur with Hearing Officer Daly's analysis in the case of *In Re: Caroline T.*, 16 IDELR 1340 (SEA NH 1990), in which she was willing to consider dismissing the parents' request for relief in a pending due process hearing for refusing to sign release forms. Hearing Officers Daly's ruling was based on the concept of "fundamental fairness."

Caroline's parents had placed her in the Learning Skills Academy and were seeking reimbursement for that placement as well as an order establishing the Academy as an appropriate prospective placement for Caroline. Accordingly, like the case at bar, records regarding the Academy were absolutely germane to the very issues In that case.

I also reject the parent's contention that such information is "privileged." I concur with Hearing Officer Lyn Beekman's decision in the case of *Board of Educ. of Oak Park Pub. Sch.*, 20 IDELR 414 (SEA MI 1993). Student S. has emotional problems and the subject of the due process hearing involved consideration of evaluative and placement information. Like Brandon's parents, S.'s parents refused to release her psychological/psychiatric evaluation and treatment records, claiming that they were privileged. Hearing Officer Beekman dismissed the parents' hearing request on the basis that by requesting a hearing on the very issues they deemed privileged, they waived such a privilege. *See also, Clifton W. v. Sanborn Regional Sch. Dist.*, IDPH No. 90-54 (SEA NH 1990).

On September 3, 1999, I issued an extensive prehearing conference order which I believe adequately protects the parent's and child's right to privacy. Considerable care will be taken pertaining to the release or review of any such records. Moreover, I agreed to rule on the admissibility of any disputed records prior to the hearing.

Accordingly, I am granting the District's motion for prehearing discovery and order that the parents promptly sign the requested release forms. If such does not occur by the end of the business day on September 13, 1999, I will dismiss the parents' pending due process hearing. I am requiring that this matter be attended to promptly in order to avoid any further delays in resolving this matter. The attorneys agree that receiving the records take time and, as

Copyright © 2006 LRP Publications                          2

EXHIBIT J
Page 2 of 3

Attorney Johnson indicated in her objection to the motion, decisions in due process hearing need to be rendered expeditiously.[1]

I further clarify the prehearing conference order of September 3, 1999 insofar as, any matters to which the parents concur are admissible or that I determine are relevant, may be disclosed to District witnesses in preparation for the hearing, with the express cautionary statements I specified in that order. Furthermore, as the parents do not object to the educational records held by Marlborough School District, to the extent that they or the District's own files contain records from juvenile proceedings, they are admissible to the extent deemed relevant.

### Order

I HEREBY ORDER that the parents of Brandon A., give their written consent to release records from the following persons and/or agencies: New Hampshire Hospital, Anna Philbrook School, Riverbend Counseling, Dr. Kaufman, Cheshire Medical Center, Dr. Swinburne, Dr. Wicksman and Ships Ahoy Day care. Failure to do so by September 13, 1999 will result in an order dismissing the parents pending due process hearing. Attorney Johnson is directed to fax and mail said releases no later than the close of the business day on September 13, 1999.

[1] During the prehearing conference, I indicated to the parents counsel that I was inclined to grant the District's motion, so this ruling should come as no surprise.

### Order of Dismissal

In a preliminary ruling issued on September 10, 1999, I ordered the parents of Brandon A. to sign release forms authorizing the District's attorney to have access to records held by outside agencies by the close of the business day on September 13, 1999. I wanted to ensure that the District had sufficient time to retrieve said records and review them for relevance in the pending due process hearing, scheduled to begin on October 11, 1999. In correspondence dated September 10, 1999 I informed the parties that the parents' failure to sign said releases would result in an order of dismissal. In correspondence dated September 14, 1999 the District notified me that the parents had chosen not to sign the forms.

In accordance with my preliminary ruling, I am hereby dismissing this case without prejudice but with the following limitations:

1. The parents are not barred from filing a now hearing request on the matters raised in this hearing request so long as they agree to sign all the releases previously ordered.

2. That any relief that the parents may have been awarded will cease during the time that they refused to cooperate with the discovery order, and that any future claims for relief that are promised at all on matters that would have been discoverable shall accordingly be limited. The statute of limitations governing requests for due process hearings is not stayed.

3. That the District's position shall not be prejudiced by the parents' refusal to sign release forms.

### Appeal Rights

If either party is dissatisfied with the order issued in the above-entitled matter, said party may appeal this decision to a state or federal court of competent jurisdiction within 120 days of receipt of this order as provided for by RSA 186-C:16-b(IV). If an appeal is taken, the parties shall have the right to obtain an electronic verbatim record of the hearing from the Department of Education.

--

Copyright © 2006 LRP Publications                                3

EXHIBIT J
Page 3 of 3