IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| C.W., by and through his guardian, J.M.,<br><br>Plaintiffs,<br><br>vs.<br>ANCHORAGE SCHOOL DISTRICT,<br><br>Defendant. | Case No. 3:06-cv-009  TMB<br><br><br>O R D E R |

  This matter is an administrative appeal under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400. ("IDEA"). This matter is before the Court on Defendant Anchorage School District's (ASD) motion to quash deposition and for a protective order. Docket 15. Specifically, ASD seek an order from the Court which quashes the deposition of Kimberly Sterne, and which protects them from having to answer discovery requests propounded to them by Plaintiffs. *Id.* Plaintiffs have opposed the motion, (Docket 21), and Defendants have replied. Docket 27. Separately, Plaintiffs have moved for a voluntary dismissal, in the event that the deposition at issue is, in fact, quashed by order of this Court. Docket 22. Oral argument was heard on October 5, 2006.

  Under the IDEA, the unique educational needs of a child with a disability must be determined on an individual basis, and an individual program of education ("IEP") is developed for each child based on those unique needs. 20 U.S.C. § 1400(d)(1)(A). There is no dispute between the parties that C.W. was eligible for services under the IDEA. Docket 1. Plaintiffs' Complaint alleges that ASD did not formulate an appropriate IEP for C.W., and thus failed to provide him with a free appropriate public education, ("FAPE"), as required by the IDEA. *Id.* They seek relief in excess of $17,000 paid to Sylvan learning center to make up for ASD's shortcomings. *Id.*

  At the administrative level, the hearing officer declined to award reimbursement for the educational expenses. Plaintiffs now argue that to prove their reimbursement claim, they need

certain discovery. Docket 21 at 1-2. The discovery sought is "primarily the progress or work reports of Kimberly Sterne to determine her work with C.W., and the underlying expert information of Sam Spinella and Mary DeHoux." *Id.*, at 9.   Sterne, Spinella and DeHoux all testified and were cross-examined by Plaintiffs' counsel at a Due Process Hearing held on October 13, 2005, before the administrative hearing officer.

At oral argument before this Court, Plaintiffs stated that they needed Sterne's progress reports to gauge whether C.W. was actually making any progress.   Plaintiffs  sought the progress reports before the Due Process Hearing held on October 13, 2005, but none were produced.  At the administrative hearing below, two ASD witnesses, Ms. Sterne, (C.W's. former teacher), and Eudora Frazcek, (ASD's Director of State and Federal Compliance for the Special Education Division), were examined by Plaintiffs' counsel about the location of the progress reports.  Neither witness could explain why they could not be found.  However, Plaintiffs did not request that the hearing officer compel production of the progress reports.  Rather, in her written closing argument, counsel for Plaintiffs argued that ASD failed to put forth any evidence of progress by C.W., specifically referring to the absence of quarterly progress reports.  Docket 27, Exhibit L.  While Ms. Sterne testified that she did track C.W.'s progress, the administrative hearing officer noted the absence of the progress reports in her Decision and Order entered on December 13, 2005:

> While the ASD has been far from perfect in providing student FAPE  1) by failing to provide progress r documentation) although her testimony about frequent communication with guardian (TR. 231, 287,306) was corroborated by guardian (Tr. P. 415) and he believes that she was committed to [C.W.] and his education.  (Tr. P. 416) She also testified as to how she measured his progress (Tr. 211, 12, 214) and guardian acknowledged that he received student's drag sheets (Tr. 425-426), grade reports (Tr. 425), was kept informed by Ms. Sterne and believed student made progress in the 03-04 school year. (Tr. 419).

Decision and Order (Docket 1, Exhibit B) at 11.  Despite construing the lack of progress reports against ASD in her opinion, the hearing officer was persuaded that C.W. made progress in during the school year, and ultimately held that ASD provided C.W. with the opportunity for a free appropriate public education, but that C.W. failed to utilize the opportunities offered before seeking services elsewhere.  Docket 1, Exhibit B at 13-14.

ASD opposes discovery at this juncture because Plaintiffs made a strategic decision below to request that the district's failure to produce the progress reports should be held against the district by the hearing officer. Docket 27 at 6-7. The hearing officer did just that, yet ultimately found in favor of ASD. Now, according to ASD, Plaintiff wants the records in order to change their theory. *Id.* This Court agrees with ASD that Plaintiffs should not have a second bite at the apple.

Furthermore, the records Plaintiffs seek to obtain in discovery do not fall withing the scope of "supplemental evidence" as defined in *Ojai v. Jackson*, 4 F.3d 1467 (9th Cir. 1993). As the *Ojai* court explained, the IDEA allows "additional evidence" to be considered during an administrative appeal where appropriate. *Id.*, at 1472. In defining "additional evidence," the *Ojai* court concluded that "an administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial." *Id.*, at 1473. The Ninth Circuit clarified that "the district court has discretion to admit additional evidence 'concerning relevant events occurring subsequent to the administrative hearing.'" *Id.* The information sought by Plaintiffs at this juncture was available at the time of the hearing, and does not qualify as "additional evidence."

Finally, with respect to discovery concerning Sam Spinella and Mary DeHoux, Plaintiff seeks reports and information regarding their "expert" opinions, arguing that both individuals offered testimony about C.W.'s progress, but their opinions were not produced five days before the hearing, as required by 34 C.F.R. 300.509.(a)(3)(b). Docket 21 at 7. However, neither of these individuals was proffered by ASD as an "expert." Furthermore, DeHoux never testified regarding C.W.'s progress, and Plaintiffs' objection to Spinella as an expert was upheld by the hearing officer. Docket 27-12, Exhibit M at 3.

Accordingly, it is hereby ordered that the Motion to Quash at Docket 15 is GRANTED. The Motion for Voluntary Dismissal at Docket 22 also is GRANTED, and this matter is DISMISSED WITH PREJUDICE.

Dated at Anchorage, Alaska, this 20th day of October, 2006.

/s/ Timothy Burgess  
Timothy M. Burgess  
United States District Judge