Bradley D. Owens, Esq.
Raymond E. Goad, Jr., Esq.
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK  99503
Telephone:  (907) 563-8844
Facsimile:   (907) 563-7322

Counsel for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| C.W., by and through his guardian, J.M., <br><br> Plaintiffs <br><br> vs. <br><br> ANCHORAGE SCHOOL DISTRICT, <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 3:06-cv-00009-JWS |

### MEMORANDUM IN SUPPORT OF
### MOTION FOR AWARD OF COSTS AND FEES

Pursuant to 20 U.S.C. § 1415(i)(3)(B), Defendant Anchorage School District ("District") has moved for an award of attorney's fees after prevailing on all causes of action following a hearing on a motion before this Court.  This memorandum addresses the attorney's fees issues and explains why the District is entitled to an award of attorney's fees.

**I.      The Court has discretion to award enhanced Rule 82 attorney's fees.**

20 U.S.C. § 1415(i)(3)(B) allows the court, in its discretion, to award reasonable attorneys' fees as part of the costs:

> (II) to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or

{00135267 }

>   against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or
> (III) to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

By its order dated October 23, 2006, the court granted the District's motion to quash the deposition of Kimberly Sterne and for a protective order prohibiting discovery requested by the plaintiff. In his briefing in opposition to this motion, plaintiff admits that he could not prove the theory of his case in the absence of responses to the propounded discovery. Accordingly, the court dismissed this matter with prejudice. Without question, the District is the prevailing party in this matter.

Generally, an award of the District's actual reasonable attorney's fees is justified here because of the lack of reasonableness of the asserted claims of the plaintiff and his counsel in this case. By plaintiff's own admission, the claims and theories advanced in plaintiff's complaint were unsupported by the evidence in the record of the administrative hearing and were therefore unreasonably advanced. As a result, excess fees were expended by the District to address and respond to meritless claims.

The defense of this appeal, and specifically the Motion to Quash and for a Protective Order was necessitated by the needless and unreasonable conduct of opposing counsel and the plaintiff. As noted by the court in its decision on the motion to quash and for a protective order, the facts clearly demonstrate that the plaintiff deliberately chose to argue at the administrative hearing that the absence of quarterly progress reports was fatal to the District's defense. The hearing officer considered and rejected that argument. The plaintiff and his counsel made this

strategic choice when they could have (if the information was so vital) requested a discovery order from the hearing officer.

The option to seek discovery at the administrative level was never considered by plaintiff, even though plaintiff's counsel had previously made discovery requests in other cases. Instead, plaintiff and his counsel made a different and unsuccessful strategic decision. Thereafter, plaintiff decided to file an appeal that he and his counsel knew (and subsequently admitted in its brief in opposition to the Motion to Quash) plaintiff could not possibly prevail without additional evidence – the same evidence plaintiff chose not to seek in the administrative action. Plaintiff, knowing he needed such additional evidence, nevertheless needlessly increased the cost of litigation by filing the appeal and requesting additional discovery upon matters the absence of which plaintiff previously argued should be held against the District. Similarly, plaintiff's counsel knowingly filed an appeal that lacked foundation in the absence of additional evidence and propounded broad discovery even though counsel knew that it had made a decision to forego seeking discovery at the administrative level.

Clearly, the Motion to Quash and for a Protective Order was necessitated entirely by the actions of plaintiff, and his counsel. The conduct described above can only be characterized as unreasonable, frivolous, and without foundation. Despite the fact that the plaintiff and his counsel knew that there was no evidence in the administrative record to support his appeal, they decided to press on and pursue this highly frivolous claim. This resulted in months of litigation costs and a hearing on a motion that was simply unnecessary and a waste of time and money. Moreover, plaintiff had a perfect alternative. He could have made his case for the quarterly progress reports at the administrative hearing. As a result, the court should grant the motion for

fees to address this unreasonable pursuit of fruitless and expensive litigation, as contemplated by the IDEA fee provision.

Wherefore, for the reasons set forth above, the Defendant, Anchorage School District respectfully requests this court enter an order award full reasonable attorney's fees and costs in the amount of $14,272.00 against plaintiff and plaintiff's counsel for Defendant Olson.

DATED in Anchorage Alaska this 6th day of November, 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.

_____/s/ Raymond E. Goad, Jr._____
By:   Bradley D. Owens
      Jermain, Dunnagan & Owens, PC
      3000 A Street, Suite 300
      Anchorage, AK 99503
      907- 563-8844
      907-563-7322 (fax)
      bradowens@jdolaw.com
      Alaska Bar #7610122

Raymond E. Goad, Jr.
Jermain, Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, AK 99503
907- 563-8844
907-563-7322 (fax)
rgoad@jdolaw.com

Alaska Bar #0111062

Certificate of Service
I hereby certify that on this
6th day of November, 2006
I caused to be [ ] hand delivered;
[ ] mailed, US postage prepaid;
[ ] faxed and/or [x] e-mailed the
foregoing to:

Meg Allison
Disability Law Center of Alaska
3330 Arctic Blvd., Ste. 103
Anchorage, AK 99503

_____/s/ Raymond E. Goad, Jr._