Meg K. Allison (AK Bar No. 0511091)
Disability Law Center of Alaska
3330 Arctic Blvd., Ste. 103
Anchorage, AK 99503
907.565.1002
907.565.1000 facsimile
mallison@dlcak.org
Attorney for Plaintiff

IN THE U.S. DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| C.W., by and through his guardian, J.M.<br><br>Plaintiff,<br><br>v.<br><br>ANCHORAGE SCHOOL DISTRICT,<br><br>Defendant. | Case No.3:06-cv-00009-TMB |

## OPPOSITION TO MOTION FOR ATTORNEY FEES

### I. BACKGROUND

On July 14, 2005, Plaintiff C.W. filed a request for a due process hearing with the Anchorage School District. ("ASD"). [Exhibit B to Complaint, p.1.] C.W. alleged that he had been denied a Free Appropriate Public Education because, inter alia, ASD failed to provide an education designed to result in meaningful progress; failed to provide a meaningful transition plan, and failed to allow parents' full participation in the development of C.W.'s individualized education plan ("IEP"). [Id., p. 2]

Prior to the hearing, ASD failed to provide the quarterly reports that educator Kimberly Sterne was required to keep. Plaintiff sought the progress reports before the hearing, but none were produced. At the hearing, neither Ms. Sterne, nor Eudora Frazcek

(ASD's director of compliance for Special Education) could explain why the progress reports could not be found. [See Order, docket 35, p. 2]

The hearing officer, Sheila Gallagher eventually ruled that ASD had denied C.W. a Free Appropriate Public Education by failing to provide transition services. [Complaint, Docket 1, Exhibit B, p. 21] However, Ms. Gallagher also ruled that C.W. was not entitled to reimbursement for his educational expenses incurred at Sylvan Learning Center.

C.W. filed this appeal. In order to advance this appeal, C.W. felt it necessary to have the progress reports which ASD had failed to produce at the hearing level. C.W. believed the information contained in those reports would demonstrate the error of IHO Gallagher's decision. After filing this action C.W. served discovery upon ASD, seeking, among other items, the missing progress reports. ASD moved to quash the discovery request. C.W. also recognized that without the requested discovery, this appeal would likely be fruitless, and therefore, in an effort to limit the costs and expenses for all parties, requested dismissal of the appeal if he was unable to obtain the requested discovery. This Court, in an order dated October 10, 2006, granted ASD's motion to quash, and also granted the motion for dismissal.

## II. ARGUMENT

### A. ASD's Motion Lacks a Proper Affidavit.

Rule 54.3 of the Local Rules for the District Court for the District of Alaska clearly states that a motion for attorney fees must be accompanied by an affidavit that includes, along with other information, "the amount charged to the client, if any…" Although ASD has provided an affidavit which states the hours billed, and the billing

rates of each attorney, the affidavit does not state how much of this amount was actually billed to ASD.

In this case, this omission is not a mere technicality. Between them, attorneys Owens and Goad, claim to have spent over $14,000 worth of attorney time filing and answer and dealing with the single discovery issue that was presented in this case. Even though they now claim that this appeal and the request for discovery was entirely frivolous, they spent a total of 89.2 hours dealing with the complaint and the one issue that was presented to the court. In ruling on their motion, it would be worthwhile to know if they did present such an excessive bill to their client. If the attorneys had decided not to present such a bill to the client, or if the client had refused to pay such an amount, that information would clearly be relevant to determining if fees should be awarded in this case, and the amount of fees.

Because ASD failed to comply with clear and explicit dictates of the local rules, their motion for attorney fees should be denied, without any further inquiry by the court.

**B. The Motion is Not Timely.**

Rule 54(d) of the Federal Rules of Civil Procedure provides that "unless otherwise provided by statute or order of the court, the motion [for attorneys' fees] must be filed no later than 14 days after entry of judgment." In this case the Order dismissing this action, with prejudice, was filed October 20, 2006. Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the 14 day time period for filing a fees motion began to run on October 21, 2006, and ended on Friday, November 3, 2006. The motion for attorney fees was not filed until Monday, November 6, 2006. The language of Rule 54 is absolute, the motion "must be filed no later than 14 days after the entry of judgment." There is no

provision for the court to accept a late filed motion. This is a more than sufficient basis for the court to deny the motion.

**C. Fees May Not be Awarded under Alaska Civil Rule 82.**

The first heading in ASD's Memorandum in support of their motion reads "The Court has discretion to award enhanced Rule 82 Fees." Rule 82 of the Alaska Rules of Civil Procedure have no bearing on this action. Rule 82 has only limited application in the Federal Courts, and this is not one of those applications. ASD provides no authority for the claim that Rule 82 can be applied in federal court, in an action brought under a federal statute, and to even suggest that it should be the controlling authority here borders on the frivolous.

**D. ASD is not entitled to Fees under the IDEA.**

In addition to their Rule 82 claim, ASD also claims that they are entitled to fees under the IDEA. However, 20 U.S.C. § 1415(i)(3)(B) which does allow for attorney fees, provides differing standards for an award of attorney fees, depending on who is the prevailing party. Under 1415(i)(3)(B)(I) the court has discretion to award attorney fees to the parent of a child with disability, so long as that parent is a prevailing party in an action brought under the IDEA. The standard is much different if the parent is not the prevailing party. 1415(i)(3)(B)(II) &(III) provide for attorney fees:

> **II)** to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or
> **(III)** to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation

The reason for these different standards is obvious. Congress did not want to frighten students and their parents away from bringing meritorious cases with the specter of large fee award. Nor did Congress want attorneys to refuse to take such cases because of the fear of a fee award against them if they lost. Mindful of the difference in financial power between a public entity like a school district on the one hand, and the parents of a disabled student on the other, Congress made it purposefully difficult for a school district or educational agency to obtain an award of legal fees. Only the most egregious of cases, where an action is entirely frivolous did Congress provide for an award of fees against the attorney of the parents. Parents and their attorney should not be penalized for bringing their concerns to the courts, even if the court rules against them in the end.

Plaintiff's position in this appeal was clearly not frivolous. ASD failed to produce certain key evidence at the administrative hearing in this case, namely the quarterly progress reports that Kimberly Sterne was required to keep. [Docket 35, p. 2] ASD never provided an adequate explanation as to why they were unable to produce these reports. [Id.] Although the reports were never produced at the administrative level, C.W.'s counsel knew what should have been in those reports if they had been kept and kept accurately. C.W. was, after all, the subject of those reports. Through conversations with C.W., his guardians, and others, C.W.'s counsel had a firm basis for believing that C.W. was not making adequate progress towards his educational goals. The required reports should have reflected this.

Discovery of these reports would have provided the relevant evidence necessary to prosecute this action. Whether or not these reports were discoverable in a federal court action filed after the hearing officer decision was not an issue that had been clearly

addressed by any court. Plaintiff had a more than reasonable position that, under the existing case law regarding the supplementing of the record on appeal, he should have been allowed to pursue discovery on this point.

The fact that this was a close question of law is demonstrated most clearly in the billing records of Messrs Owens and Goad, themselves. Had this been a purely frivolous issue, these two very experienced attorneys should have been able to dispense with it in a relatively quick and easy fashion. Instead, the billing records show that it was a close question necessitating significant legal research. As the records reveal, ASD's attorneys spent dozens of hours and thousands of dollars researching this particular issue. The following billing entries are taken verbatim, from Exhibit A to plaintiff's motion:

| DATE | Description | Hrs. | Rate | Amount |
|---|---|---|---|---|
| 04/13/2006 | Review Kutzgar file to determine court's treatment of need for additional evidence in IDEA appeal | 3.1 | 160.00 | 496.00 |
| 04/18/2006 | Legal Research regarding the ability of appellant to conduct discovery inadvance [sic] of court decision to examine additional evidence | 4.2 | 160 | 672.00 |
| 6/21/2006 | Conf with REG re depo and discovery status; research re discovery in fed ct appeal of DPH decision | 1.6 | 160 | 336.00 |
| 6/26/2006 | Legal research and analysis regarding timing of taking discovery in DPH appeal | 5.8 | 160 | 928.00 |
| 07/25/2006 | Legal research and analysis regarding cases cited by plaintiff opposing motion to quash | 2.1 | 160 | 336.00 |
| 07/26/2006 | Legal research and analysis regarding cases cited by plaintiff opposing motion to quash | 3.6 | 160 | 576.00 |
| 8/13/2006 | Legal research and analysis regarding additional evidence as supplementary | 3.5 | 160 | 560.00 |

These entries show that ASD's attorneys spent a total of 23.9 and hours (and $3,824) on pure legal research trying to come up with an answer to the issue of whether the discovery sought was allowed. This legal research does not even include the actual drafting of pleadings in this case. ASD's attorneys spent an additional 31.2 hours (and $4,992) on drafting the actual briefs on this issue:

| 6/26/2006 | Draft, review and revise memorandum supporting motion to quash subpoena and for protective order | 6.1 | 160 | 976.00 |
|---|---|---|---|---|
| 07/22/2006 | Draft reply brief to motion to quash and for protective order | 3.2 | 160 | 368.00 |
| 07/26/2006 | Draft reply brief to motion to quash and for protective order | 4.2 | 160 | 672.00 |
| 07/27/2006 | Draft reply brief to motion to quash and for protective order | 3.3 | 160 | 528.00 |
| 8/13/2006 | Draft, review and revise reply memorandum supporting motion to quash | 4.5 | 160 | 720.00 |
| 8/15/2006 | Draft, review and revise reply memorandum supporting motion to quash | 4.2 | 160 | 672.00 |
| 8/16/2006 | Draft, review and revise reply memorandum supporting motion to quash | 4.3 | 160 | 672 |
| 08/16/2006 | Draft, review and revise reply memorandum supporting motion to quash | 1.4 | 160 | 224 |

Any issue that takes up so much attorney time—more than a full work week—cannot be dismissed as frivolous by the court.

Moreover, this Court did not treat the issue as frivolous. The Court held a lengthy oral argument on the motion to quash, and questioned counsel for both parties at length on many of the details of both the law and the facts raised in this appeal and request for discovery. It was apparent to all that the Court had spent a great deal of time familiarizing itself with the issues here, and took both arguments quite seriously.

Finally, it must be recognized that ASD bears a great deal of culpability in this matter. Although the court ultimately ruled that plaintiff was not entitled to the requested discovery, it is not disputed that ASD failed to produce the progress reports when it was required to do so at the administrative level. Had ASD done so, the administrative ruling would have been made on a complete record, and it is likely that this appeal would not have been brought. Although discovery should not be used a fishing expedition, a plaintiff is generally not required to have all his evidence marshaled before brining a suit. In this case, plaintiff knew what should have been reflected in the missing reports. Plaintiff was, after all, the subject of those progress reports. Plaintiff filed an appeal hoping to obtain discovery of those reports. And, by seeking dismissal should the court not allow such discovery, plaintiff sought to minimize the costs for all parties. This was certainly not frivolous or unfounded.

## Conclusion

ASD's motion for attorney fees must fail on both procedural and substantive grounds. The motion lacks a proper affidavit, and was not made in a timely manner. Plaintiff, although not the prevailing party, advanced a reasonable and well-founded position. His argument that he should be entitled to discovery was not frivolous. This court took the argument seriously, and opposing counsel took it seriously enough to spend nearly 24 hours researching the issue, and 31 hours drafting arguments for the Court on the issue. A review of the pleadings by the court will reveal a legitimate point of debate, argued heatedly by both sides. It will not reveal a frivolous position advanced by Plaintiff. For these reasons ASD's Motion must be DENIED.

Dated November 27, 2006.

                                        Respectfully submitted,

/s Meg K. Allison
Meg K. Allison (AK Bar No. 0511091)
Disability Law Center of Alaska
3330 Arctic Blvd., Ste. 103
Anchorage, AK 99503
907.565.1002
907.565.1000 facsimile
mallison@dlcak.org
Attorney for Plaintiff