Bradley D. Owens, Esq.
Raymond E. Goad, Jr., Esq.
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK  99503
Telephone:  (907) 563-8844
Facsimile:   (907) 563-7322

Counsel for Defendant

### UNITED STATES DISTRICT COURT

### DISTRICT OF ALASKA

| | | |
|---|---|---|
| C.W., by and through his<br>guardian, J.M., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANCHORAGE SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant | ) | Case No. 3:06-cv-00009-JWS |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR AWARD OF ATTORNEY FEES**

**I.      INTRODUCTION**

In his opposition, the plaintiff makes three technical arguments in opposition to the District's motion:   1) that the affidavit accompanying the District's motion is deficient; 2) the District's motion is time barred, and; 3) the District is improperly seeking fees under Rule 82 rather than under the Individuals with Disabilities Education Act ("IDEA") by virtue of a heading contained in the District's opening brief.  Each of these technical arguments lacks any merit and should be rejected.  The affidavit is proper,

the motion is timely and the District's opening brief clearly indicates that the basis for the motion for fees is the IDEA, not Rule 82. These arguments are simply specious.

The plaintiff also makes one substantive argument, asserting with no support or citation that, consistent with congressional intent, fees should be awarded to a defendant under the IDEA only "in the most egregious cases" where the action is "entirely frivolous." This argument should be similarly rejected. The purpose of the fee shifting provision here is designed to deter the bringing of lawsuits that are frivolous, unreasonable or without foundation. While something more than just losing the case is required to shift fees here, subjective bad faith or a more rigorous standard of egregious behavior, contrary to plaintiff's argument, is not.

The appeal brought by plaintiff and his counsel here was frivolous and, in light of the facts, unreasonable. Plaintiff and his counsel knew they could not prosecute plaintiff's appeal without information it deliberately chose to avoid discovery of at the administrative hearing in order to argue that the absence of that same information should be held against the District. Instead of taking the loss, plaintiff and his counsel filed the appeal and continued litigating when they knew it would be pointless without the very documents and testimony they deliberately avoided attempting to obtain at the administrative level. This position is the sort of behavior that should be deterred. Accordingly, the District is entitled to an award of attorney's fees.

II.    **ARGUMENT**

        A.    **The District's Affidavit is Proper and Its' Motion is Timely and Based Upon the Fee Provision in the IDEA.**

The plaintiff attempts to avoid a fee award by claiming that the District's affidavit is improper in that "the affidavit does not state how much of this amount was actually billed to ASD."[1]  On the contrary, Exhibit A attached to the Affidavit of Counsel which accompanied the District's opening brief is a copy of each billing statement sent to the District for this matter.  The amount of fees charged to the District is contained in each billing statement, and the total amount of the fees charged is reflected in the Affidavit of Counsel.  This argument is has no merit and should be rejected.

Similarly, the plaintiff argues that the motion for fees is untimely because "the Order dismissing this action, with prejudice, was filed on October 20, 2006."  Plaintiff is wrong.  As noted by plaintiff, a motion for attorneys' fees must be submitted no later than 14 days after *entry of judgment*.[2]  This judgment in this case was entered by order of the Court dated October 23, 2006.  In the order captioned "Judgment in a Civil Case", the court explicitly "ordered and adjudged that this matter is dismissed with prejudice."  The judgment was signed by Judge Burgess on October 23, 2006.  The motion for fees in this matter was filed on November 6, 2006, precisely 14 days after judgment was entered.  The motion is timely.

Finally, the plaintiff claims that the District is seeking fees under Civil Rule 82 rather than under the statutory authorization found in the IDEA because a heading in the District's opening brief refers to Rule 82.  Even a cursory reading of the brief reveals that the District is seeking fees pursuant to 20 U.S.C. § 1415(i)(3)(B), the relevant IDEA

---

[1]     Plaintiff's Opposition at p. 3.

[2]     Fed. R. Civ. P. 54(d) (emphasis added).

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES
*C.W. v. Anchorage School District*
Case No. 3:06-cv-0009-JWS                                                    Page 3 of 12

provision.   The relevant provision of the IDEA is cited twice on the first page of the District's opening brief, including in the paragraphs just preceding and subsequent to the heading the plaintiff uses to support this ridiculous argument.  Moreover, the motion filed seeking fees in this case explicitly states that attorneys' fees are being sought pursuant to the relevant provision of the IDEA, not Rule 82.  Clearly, the reference to Rule 82 in the heading was a mere error.  Counsel apologizes for any confusion this may have caused the court and apparently caused the plaintiff, but it is certainly no basis for concluding that the District is not entitled to an award for reasonable attorneys' fees.

**B.      The Plaintiff's Action in Pursuing the Appeal and Discovery Was Unreasonable and Without Foundation.**

The IDEA was amended in 2004 to include a provision allowing a court, in its discretion, to award reasonable attorney fees to a prevailing school district against either the attorney of the parent.  As noted in the District's opening brief, fees can be awarded:

> (II) to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or

> (III) to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

Some commentators opine that the 2004 IDEA amendment authorizing attorney fees for school district defendants simply "incorporated civil rights attorney fee law that has been established for many years as well as Federal Rule Civil Procedure 11

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES
*C.W. v. Anchorage School District*
Case No. 3:06-cv-0009-JWS                                                                    Page 4 of 12

concerning frivolous actions."[3]   Another commentator states that the 2004 IDEA

amendment related to attorney fees mirrors the standard developed by the Supreme Court

in *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*.[4]

In *Christiansburg Garment*,[5] the Equal Employment Opportunity Commission

("EEOC") filed suit against Christiansburg, alleging racial discrimination.[6]   The District

Court granted summary judgment for the defendant, but declined to award attorney fees

to the prevailing defendant under 42 U.S.C. § 2000e-5(k), stating than an award of fees

was not justified.[7]   The statute authorized, in the court's discretion, an award of

reasonable attorney fees to a prevailing party other than the EEOC or the United States.[8]

The Fourth Circuit Court of Appeals affirmed.[9]

On appeal, the U.S. Supreme Court considered the question of "what standard

should inform the court's discretion in awarding attorney's fees to a successful defendant

in a Title VII action."[10]   Borrowing from decisions in the Third and Second Circuits, the

Court held that "a district court may in its discretion award attorney's fees to a prevailing

---

[3]   *See* Spar, Rebecca K., *Special Education Alert:  A publication for the Special Education Practice of Cole, Schotz, Meisel, Forman & Leonard, P.A.* (March 2005), attached hereto as EXH. B, p. 7.

[4]   *See* Butler, Jess, *New School District Attorneys' Fees Provision Under IDEA 2004* (visited December 1, 2006) <http://www.wrightslaw.com/idea/art/atty.fees.butler.htm>.

[5]   434 U.S. 412 (1978).

[6]   *Id*. at 414.

[7]   *Id*. at 414-415

[8]   *See id*. at 414, n.1. (citing 42 U.S.C. § 2000e-5(k)).

[9]   *Id*. at 415.

[10]   *Id*. at 417.

defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith."[11]

More specifically, "a legally or factually baseless suit is frivolous but even more clearly and reprehensibly so is a suit brought to harass or oppress-a suit that the plaintiff brought not in the hope of winning but solely in order to put the defendant to the burden of defending himself."[12]  Moreover, frivolousness is generally found only if plaintiffs fail to produce evidence in support of an essential element of a *prima facie* case, or lack any legal authority to support the case, or because the facts that the plaintiff alleged, even if true, can never be a violation of the law.[13]

Plaintiff admitted during the course of the appeal that he could not prosecute his claim without obtaining the discovery he proposed.  Plaintiff's motion to dismiss without prejudice filed with this court on July 24, 2006 explicitly states as much.  Yet, at the administrative hearing in this matter, plaintiff's counsel (presumably with plaintiff's blessing) deliberately chose a strategy to avoid seeking the information it subsequently needed and requested in discovery as part of this appeal.

Plaintiff and counsel made this choice to argue that the absence of information should be held against the District.  Rather than live with that strategic choice, plaintiff's counsel filed the appeal knowing they couldn't prove plaintiff's claim without

---

[11]     *Id*. at 421.

[12]     *Tarkowski v. Lake County*, 775 F.2d 173, 176 (7th Cir. 1985) (citing *Alyeska Pipeline Service Co. v. Wilderness Soc'y,* 421 U.S. 240, 258-59 (1975); *Glick v. Koenig,* 766 F.2d 265, 270 (7th Cir.1985). Fed. R. Civ. P.11).

[13]     *See, e.g., Bass v. E.I. Dupont*, 324 F.2d 761, 767 (4th Cir. 2003); *Ryan v. City of Carlsbad*, 58 F.3d 439, 444-445 (9th Cir. 1995).

information he deliberately avoided seeking at the administrative level.    Presumably plaintiff's counsel informed plaintiff of this predicament and obtained authorization to file the appeal regardless.

Ultimately, the question here boils down to whether it was frivolous and unreasonable to knowingly file an appeal where the plaintiff knew he could not prevail because he could not establish an essential element of his claim since he deliberately chose to avoid attempting to obtain information, but where the plaintiff could have requested an order compelling a search for that information at the administrative hearing. Instead of making that request, the plaintiff deliberately chose to forego any opportunity because he thought he could prevail without the information. Plaintiff knew the appeal was groundless in the absence of information he deliberately chose to avoid obtaining in earlier stages of the litigation.

Since the plaintiff admitted that he could not prevail in the appeal in the absence of such information, and since plaintiff knew that he had deliberately avoided obtaining that information at the administrative hearing, it follows that the filing of the appeal was frivolous and without foundation and that subsequently seeking the discovery was unreasonable.

### C.      The Rates and Time in This Case Are Reasonable.

Without any foundation, the plaintiff asserts that the hours expended on this case by the District's counsel in this appeal are at once unreasonable and, at the same time, demonstrate that the plaintiff's actions were not frivolous. Plaintiff makes this argument substantially in order to obfuscate the appropriate analysis concerning fees. As an initial

point, the plaintiff does not challenge the reasonableness of the rates the District's attorneys charged. Accordingly, to the extent necessary, the court need only address the reasonableness of attorney time.[14]

Moreover, any objection to the reasonableness of either the hourly rate or the number of hours expended on the case is irrelevant to the critical question here – whether, in the court's discretion, the District is entitled to an award of attorney fees under the IDEA. By the very terms of the statute, analysis of that question is governed by the nature of the plaintiff's claim and decision to litigate – whether it was frivolous, unreasonable or without foundation. Stated simply, while consideration of hours and rate may inform the amount of an award of reasonable attorney fees under the method employed in IDEA attorney fee questions,  it is not a consideration in determining whether fees should be awarded at all.

In IDEA and federal discrimination cases considering an award of attorney fees, the lodestar method is used. That method multiplies the number of hours reasonably expended on the case by the reasonable hourly rate to arrive at the total amount of the award.[15]    Here, the number of hours expended on this matter is reasonable. In light of the recent passage of the IDEA provision allowing defendants to obtain an award of attorney fees, however, it appears that no cases have determined reasonableness of attorney time (or rates) in the context of a prevailing school district. In other contexts, it appears that the party requesting the award has the burden of demonstrating that the

---

[14]     *See Holbrook v. District of Columbia*, 305 F.Supp.2d 41, 45 (D.D.C. 2004).

[15]     *See Hensley v. Eckerhart*, 461 U.S. 424 (1983); *A.R. v. New York City Dept. of Educ.*, 407 F.3d 65, 79 (2d Cir. 2005).

number of hours expended on a particular task was reasonable.[16]  Specific detailed time records setting forth the attorney's tasks and indicating the amount of time each task took to perform are sufficient to determine the reasonableness of the work performed.[17]

Here (contrary to plaintiff's assertion), the District provided the billing statements for the work performed in this case.[18]  Those bills set forth each particular task undertaken in this case.  The bills also set forth the amount of time each task took, to the tenth of an hour.  Those statements are sufficient to determine the reasonableness of the work performed in this case.  That the plaintiff believes that either: 1) the time is excessive or that; 2) the time, if not excessive, proves the case was not frivolous misses the mark for purpose of determining whether the District is entitled to an award.

The District did not control this appeal; the plaintiff did.  Once the plaintiff decided to appeal and request discovery, the District was obligated to defend itself and counsel's obligation to its client was to carefully review the claims and the law and vigorously defend the District.  It is axiomatic that even frivolous and unreasonable lawsuits require defense.  That time and resources are spent defending against plaintiff's claims does not lead to a conclusion that such claims were not unreasonable.

Although the plaintiff does not challenge the reasonableness of the rates the District's attorneys, it is clear that the rates here are reasonable.  The rate portion of a fee award calculation under the lodestar method should be based on "prevailing market rates"

---

[16]     *Nat'l Ass'n of Concerned Veterans v. Sec'y of Defense*, 675 F.2d 1319, 1337 (D.C. Cir. 1982).

[17]     *See Holbrook*, 305 F.Supp.2d at 45 (D.D.C. 2004).

[18]     EXH A. attached to the Affidavit of Counsel accompanying the District's opening brief.

and attorney experience.[19]    If anything, the hourly rate charged the District is very

reasonable.  This is made clear by comparing the rate the District's attorneys charged to

those the Disability Law Center ("DLC") claims when it pursues an award of attorney

fees under the IDEA, as it has in other cases.  As noted in the District's affidavit and

exhibit accompanying its opening brief, both of the District's attorneys charged $160.00

per hour for its services in this case.  One of those attorneys has been practicing in Alaska

for thirty years.  The other has practiced law since 1999 and has been barred in Alaska

since 2001.

Interestingly, the DLC, who represent plaintiff in this case, have sought fee

awards under the IDEA in special education cases.  In those cases, the DLC has argued

that an hourly rate of 225.00 was reasonably.[20]    In any event, the plaintiff cannot be heard

to complain about the hourly rate claimed by the District in this case.

## III.    CONCLUSION

The plaintiff's technical arguments are a desperate attempt to avoid an award of

attorneys fees and border on laughable, but are indicative of how plaintiff chose to

prosecute this appeal.

Regarding the substantive defense, plaintiff and counsel knew they couldn't prove

their case on appeal.  Plaintiff and counsel know that the decision to decline to attempt to

obtain information at the administrative hearing was deliberate because they thought they

could win without such information.  Only after losing the administrative hearing did

---

[19]    *A.R.*  407 F.3d at 79-80; *see also*, *McDowell v. District of Columbia*, 2001 U.S. Dist. Lexis 8114, 5 (2001).

[20]    *See* Affidavit submitted by the DLC in other special education matter, attached hereto as EXH. C.

they claim this information was essential to the success of the case.  In the face of their

previous actions and even in light of the knowledge that the appeal lacked foundation, the

appeal was filed and discovery was requested.

This sort of conduct should be deterred, or plaintiffs in IDEA cases will continue

to act in a manner that requires school districts to, as a practical matter, bear the

responsibility and costs for the unfortunate strategic decisions of plaintiffs and their

counsel.

DATED in Anchorage Alaska this 13th day of December, 2006.


JERMAIN, DUNNAGAN & OWENS, P.C.


_____*/s/ Raymond E. Goad, Jr.* _____
By:    Bradley D. Owens
       Jermain, Dunnagan & Owens, PC
       3000 A Street, Suite 300
       Anchorage, AK 99503
       907- 563-8844
       907-563-7322 (fax)
       bradowens@jdolaw.com
       Alaska Bar #7610122

       Raymond E. Goad, Jr.
       Jermain, Dunnagan & Owens, PC
       3000 A Street, Suite 300
       Anchorage, AK 99503
       907- 563-8844
       907-563-7322 (fax)
       rgoad@jdolaw.com
       Alaska Bar #0111062

<u>Certificate of Service</u>
I hereby certify that on this
13th day of December, 2006
I caused to be [ ] hand delivered;
[ ] mailed, US postage prepaid;
[ ] faxed and/or [x] e-mailed the
foregoing to:

Meg Allison
Disability Law Center of Alaska
3330 Arctic Blvd., Ste. 103
Anchorage, AK 99503


    */s/ Raymond E. Goad, Jr.*