IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| C.W., by and through his guardian, J.M.,<br>Plaintiffs,<br>vs.<br>ANCHORAGE SCHOOL DISTRICT,<br>Defendant. | Case No. 3:06-cv-00009   TMB<br><br>O R D E R |

### I.  MOTION PRESENTED

At Docket 37, Defendant Anchorage School District ("ASD") moves for attorneys' fees. Plaintiffs have filed an opposition and Defendant has filed its reply.

### II.  BACKGROUND

This matter is an administrative appeal under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400. ("IDEA").  Under the IDEA, the unique educational needs of a child with a disability must be determined on an individual basis, and an individualized education program ("IEP") is developed for each child based on those unique needs.[1]  Plaintiffs alleged in their complaint that ASD did not formulate an appropriate IEP for C.W., and thus failed to provide him with a free appropriate public education ("FAPE") as required by the IDEA.  On this basis, Plaintiffs sought relief in excess of $17,000 paid to Sylvan learning center to make up for ASD's shortcomings.

At the administrative level, the hearing officer declined to award reimbursement for the educational expenses.  In their appeal to this Court, Plaintiffs argued that they required certain discovery without which they could not prove their case, including progress reports which Plaintiffs contend that ASD employee Kimberly Sterne was required to maintain.  Plaintiffs

---

[1]     *See* 20 U.S.C. § 1414(d)(1)(A).

believed these progress reports would demonstrate C.W.'s inadequate progress. Plaintiffs had sought the progress reports during the due process hearing held before the administrative hearing officer on October 13, 2005, but none were produced. However, Plaintiffs did not request that the hearing officer compel production of the progress reports.

On October 5, 2006, this Court granted Defendant's motion for protection from discovery on the basis that the discovery sought by Plaintiffs was available at the time of the administrative hearing and should have been pursued at that time. In the same order, the Court granted Plaintiffs' motion for voluntary dismissal, and the matter was dismissed with prejudice.

### III.  DISCUSSION

**A.     Procedural Issues: Defendant's Affidavit and Timeliness of Defendant's Motion**

Plaintiffs' opposition raises two procedural objections to Defendant's motion for attorneys' fees. First, Plaintiffs argue that Defendant's affidavit is deficient under this Court's Local Rule 54.3, which requires that a motion for attorneys' fees be accompanied by an affidavit that includes, among other information, "the amount charged to the client, if any." Although Defendant provided a breakdown of the hours billed and the billing rates of each attorney, Plaintiffs contend that the affidavit does not state how much of this amount was actually billed to ASD. However, Defendant's reply clarifies that the amounts reflected in the attached invoices were in fact billed to ASD. Thus, Defendant's affidavit comports with Local Rule 54.3.

Plaintiffs next argue that Defendant's motion for attorneys' fees is time barred. Rule 54(d) of the Federal Rules of Civil Procedure provides that "[u]nless otherwise provided by statute or order of the court, the motion [for attorneys' fees] must be filed no later than 14 days after entry of judgment." It appears from the briefing, however, that Plaintiffs have confused the date of the order granting voluntary dismissal and the date of the entry of judgment. Judgment was entered by the Court on October 23, 2006, and the motion for fees was filed on November 6, 2006, precisely 14 days after judgment was entered. Therefore, the motion is timely.

**B.     Substantive Analysis of Defendant's Motion for Attorneys' Fees**

The IDEA provides for two distinct standards for awarding attorneys' fees depending on who the prevailing party is. In any case in which the parent of a child with a disability is the prevailing party, the Court has the discretion to award reasonable attorneys' fees as part of the

costs.[2] However, where the State or local education agency is the prevailing party, the Court's discretion to award attorney's fees is limited. Under 20 U.S.C. § 1415(i)(3)(B)(i), the Court has discretion to award attorneys' fees:

> (II) to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or
> (III) to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

Since in this case ASD is the prevailing party, the Court may only award it attorneys' fees upon a showing that Plaintiffs' action was "frivolous, unreasonable, or without foundation" or that it "was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." The Court finds that this action does not meet those standards.

Plaintiffs assert that this administrative appeal was necessary because of Defendant ASD's failure to produce the quarterly progress reports that its employee Kimberly Sterne was required to keep. Plaintiffs further argue that they had a firm basis for believing that C.W. was not making adequate progress toward his educational goals and that the requested reports should have reflected this fact. Based on this belief, Plaintiffs considered that discovery of these reports would have provided the evidence necessary to prosecute this action. Although the Court granted the Defendant's motion seeking protection from this discovery, the Court does not find that Plaintiff's appeal was "frivolous, unreasonable, or without foundation." Plaintiffs' requests for discovery were not so obviously legally unsound as to be frivolous, and there is no reason to believe that Plaintiffs could not have been successful in their appeal had their discovery requests been proper. Furthermore, the Court sees no evidence that this action "was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the

---

[2] *See* 20 U.S.C. § 1415(i)(3)(B)(i)(I).

cost of litigation."[3]  In this regard, the Court notes that Plaintiffs sought voluntary dismissal of their claims upon concluding that they would not be successful.

## IV.  CONCLUSION

Having determined that Plaintiffs' action was not frivolous, unreasonable, or without foundation, and that it was not brought for an improper purpose, the Court concludes that, under the IDEA, attorneys' fees should not be awarded to the Defendant in this case.

IT IS THEREFORE ORDERED:

The motion for attorneys' fees at Docket No. 37 is DENIED.

Dated at Anchorage, Alaska, this 17th day of September, 2007.

/s/ Timothy Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[3]   20 U.S.C. § 1415(i)(3)(B)(i)(III).